JACKS & CO. V. TURNER, SHERIFF, ETC.

APPEAL from *Phillips* Circuit Court.
Hon. J. N. CYPERT, Circuit Judge.

SCRIP, COUNTY: *Interest-bearing.*
  County scrip issued since the adoption of the constitution of 1874, can not
  be made to bear interest by the treasurer's indorsement thereon " not
  paid for want of funds."

*Jacob Trieber,* for appellants :
*Sec.* 1039 *of Gantt's Digest* not repealed by *Art. XVI,
Const. of* 1874. Repeals by implication not favored. *The
State v. Watts,* 23 *Ark.,* 309 ; *Sedgwick on State and Const.
Law,* 121, 126

An allowance by the county court is a judgment, and by
general law bears interest. Rule not different against
municipal corporations. *Langdon v. Castleton,* 30 *Vt.,* 285 ;
*Robbins v. Co. Ct.,* 3 *Mo.,* 57. Coupons of bonds bear in-
terest after maturity. *Aurora City v. West,* 7 *Wall.,* 105 ;
*Cromwell v. Suc. Co.,* 96 *U. S.,* 51 ; *Rogers v. Lee Co.,* 1 *Dill.
C. C.,* 529 ; *R. R. Co. v. Evansville,* 15 *Ind.,* 395 ; *Prayre v.
Milwaukee,* 18 *Wis.,* 367.

*M. T. Sanders,* for appellee :
Insisted on repugnancy of *sec.* 1039 *of Gantt's Digest,*
with *Art. XVI, sec. 1, of the Constitution.*

Also, that the collector, having received the warrants,
should have paid them over, and is not liable, as collector,
to this action.

STATEMENT.

EAKIN, J.   On the fifteenth of April, 1879, appellants

paid Turner, as collector of taxes, a lot of county warrants properly drawn, amounting to over six thousand dollars. They had been presented to the county treasurer on the thirtieth day of December, 1878, and by him then indorsed as "not paid for want of funds." Upon paying them to the collector, appellants claimed interest, at 6 per cent., which, being refused, they paid them, at face value, under protest, to avoid a penalty, and brought this suit for the interest, averring, in substance, the facts above stated.

The court sustained a demurrer to the complaint, whereupon complainants rested, and appealed.

### OPINION.

The *Constitution of 1874, Art. XXI, sec. 1*, prohibits any county from issuing any "interest-bearing evidences of indebtedness, except such bonds as may be authorized by law, to provide for, and secure the payment of, the present existing indebtedness."

These warrants do not come within the exception.

Formerly (see *sec. 1039 of Gantt's Digest*), the holder of any county warrant might have presented it to the county treasurer, whose duty it was, in case of no funds, to indorse the fact upon the warrant, with the date, after which the warrant bore interest, at the rate of 6 per cent. per annum. This made it an *interest-bearing evidence of indebtedness*, which was not permissible after the adoption of the new constitution. The complaint does not show that the treasury warrants in question were drawn whilst the law was in force, and, therefore, shows no cause of action.

Affirm the judgment.