QUINN *v.* REED.

Opinion delivered July 2, 1917.

1. COUNTY WARRANTS—INTEREST—REISSUANCE—ACTION TO RESTRAIN BY CITIZEN AND TAXPAYER.—Under art. 16, § 13, of the Constitution, a citizen and taxpayer may bring an action to restrain the county judge, clerk, and treasurer from reissuing outstanding county warrants for the payment of interest for forbearance until a future day.

2. COUNTY WARRANTS—REISSUANCE—INTEREST.—Under art. 16, § 1, of the Constitution, the Legislature is without power to authorize the county court to issue warrants or other evidences of indebtedness in any form for the payment of interest for future forbearance.

3.   COUNTIES—OBLIGATIONS—INTEREST.—There is no authority in this
State for the payment of interest at all by counties.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*John W. Wade* and *Rose, Hemingway, Cantrell, Loughborough & Miles,* for appellant.

1.   The act is not unconstitutional.   The reissue of warrants is a judgment and warrants can be made payable at a future day.   122 Ark. 557; 98 *Id.* 299.   It merely provides that the county court may pay, for the value of his indulgence, to the holder not to exceed 6 per cent. per annum.   This is not interest, nor do the warrants bear interest.   Orders issuing warrants are judgments, and the Legislature can make judgments against counties bear interest.   50 Ark. 416; 66 *Id.* 247.   See also 68 Ark. 83; 103 *Id.* 468.

2.   None of the provisions of the Constitution are violated.   Cases *supra;* 36 Ark. 89.   The warrants are not interest-bearing.   Cooley, Const. Lim. (7 ed.) 236. The act must be clearly unconstitutional.   207 U. S. 88; 32 Ark. 144; 99 *Id.* 1; 102 *Id.* 166; 85 *Id.* 171; 100 *Id.* 175. Every doubt should be resolved in favor of constitutionality.   *Ib.*   The Legislature is supreme, when its acts are not violative of the Constitution.   The act is not within the evil intended to be remedied.   A reissued warrant is not an interest-bearing evidence of indebtedness.

*Callaway & Huie,* for appellants, as *amici curiae.*

1.   Statutes are presumed to be constitutional and all doubts are to be resolved in their favor; they must be plainly violative of the Constitution and forbidden in express words or by necessary implication.   63 Ark. 576; 66 *Id.* 466; 1 *Id.* 552; 11 *Id.* 451; 15 *Id.* 664; 36 *Id.* 171; 58 *Id.* 407; 56 *Id.* 485; 59 *Id.* 513; 39 *Id.* 353; 93 *Id.* 612; 114 *Id.* 156; 119 *Id.* 314.

Every word in the Constitution should be expounded in its plain, obvious and common sense meaning.   52 *Id.* 336; 60 *Id.* 343.   It must be forbidden plainly.   99 Ark. 100; *Ib.* 136.

2. Judgments against counties bear interest. Kirby & Castle's Dig., § 6390. See also 80 Ark. 109; 50 *Id*. 416.

*Mehaffy, Reid & Mehaffy*, for appellee.

The act is unconstitutional. 36 Ark. 89; 50 *Id*. 416. Interest is a premium paid for the use of money.. 121 N. W. 1072, 2 Words & Phr. (2 Series) 1145. It is true the warrant is not interest-bearing on its face, but it is within the inhibition if it bears interest at all. No subterfuge nor evasion is allowed. 157 Fed. 5141; 130 S. W. 52; 96 Pac. 45; 17 L. R. A. (N. S.) 552, and cases cited.

McCULLOCH, C. J. Appellee, representing himself as a citizen and taxpayer of Pulaski County, instituted an action in the chancery court of that county to restrain the county judge, clerk and treasurer from reissuing the outstanding county warrants and issuing separate warrants for the payment of interest for forbearance until a future day.

It is alleged in the complaint that the outstanding warrants of the county exceed in amount, to the extent of $150,000, the county revenues derived this year from taxation and other purposes. The defendants offer justification for the reissuance of the county warrants and the issuance of separate warrants in payment of interest for the forbearance until the warrants are to be presented in the future, under an act of the General Assembly of 1917, Act 378, p. 1814, entitled "An Act authorizing the county court of Pulaski County to refund its county warrants." That statute provides that the county court of Pulaski County may call in its warrants for reissuance payable to bearer at a future date, and that the county court "is authorized to pay to parties accepting any of said reissued warrants payable at a future date, a fair sum, representing the value of their indulgence in waiting for payment at such future date, such price to be paid either in money or warrants, but not to exceed the equivalent of 6 per cent. per annum for the time for which said indulgence is granted."

The court sustained a demurrer to the answer, and appellants declined to plead further and suffered final

judgment to be rendered against them in accordance with the prayer of the complaint.

(1) If the proceedings of the county officials as recited in the complaint are unauthorized by law, it constituted an illegal exaction within the meaning of Section 13 of Article XVI of the Constitution, which provides that "Any citizen of any county may * * * institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever." Appellee is, therefore, entitled to maintain the suit. *Lee County* v. *Robertson,* 66 Ark. 82.

The contention of appellee is that the statute is void and that the proposed proceedings are illegal because in conflict with the provisions of Section 1, Article XVI of the Constitution of 1874, which reads as follows:

"Neither the State nor any city, county, town or other municipality in this State shall ever loan its credit for any purpose whatever; nor shall any county, city, town or municipality ever issue any interest-bearing evidences of indebtedness, except such bonds as may be authorized by law to provide for and secure the payment of the present existing indebtedness, and the State shall never issue any interest-bearing treasury warrants or scrip."

On the other hand, learned counsel for appellants insist that this provision of the Constitution forbids only the issuance by counties and municipalities of evidences of indebtedness, which on their face bear interest, and that the provision does not prohibit counties or municipalities from entering into contracts in another form for the payment of interest.

We think that to sustain this argument would be to give too restricted a meaning to the language of the Constitution, and that such an interpretation would admit of the most flagrant evasions. This court has, in fact, expressly decided against that interpretation in the case of *Jacks & Co.* v. *Turner,* 36 Ark. 89, where it was held that a statute declaring that registered county warrants

should bear interest was in conflict with the provision of the Constitution now under consideration. It is worthy of note that the circuit judge who tried that case below, and the justice of this court who wrote the opinion here, were both members of the Constitutional Convention, and they shared the same view in the interpretation of this particular provision. That case did not involve evidences of indebtedness bearing interest on their face, but the decision related to the power of the Legislature to make such evidence of indebtedness interest-bearing upon being presented and registered on account of lack of funds. Mr. Justice EAKIN, in disposing of the question, said:

"Formerly, the holder of any county warrant might have presented it to the county treasurer, whose duty it was, in case of no funds, to indorse the fact upon the warrant, with the date, after which the warrant bore interest, at the rate of 6 per cent. per annum. This made it an interest-bearing evidence of indebtedness, which was not permissible after the adoption of the new Constitution."

In giving full scope to that decision, which was an interpretation of the Constitution not a great while after its adoption, we are constrained to hold that the inhibition reaches not only to evidences of indebtedness which bear interest on their faces, but also to separate contracts for the payment of interest for future indulgence. If the proceeding now under consideration is permissible under the Constitution, it amounts to no less than the issuance of separate evidences of indebtedness to cover interest.

County warrants are what the name implies, orders on the treasury for the payment of money, but in a sense they constitute, while outstanding, evidences of indebtedness of the county. If separate warrants can be issued for interest to accrue in the future, then other evidences of indebtedness could be issued with separate contracts to pay interest in the future. The fact that the evidence of an agreement to pay interest is in the form of an order on the treasurer does not rescue it from the constitutional

ban against the issuance of interest-bearing evidences of indebtedness.

Counsel for appellant rely upon the decision of this court in *Nevada County* v. *Hicks,* 50 Ark. 416, where it was held that this provision of the Constitution did not prevent judgments against counties bearing interest under a general statute making all judgments bear interest. This court took occasion, however, in the opinion in that case to distinguish the ruling from the decision in *Jacks & Co.* v. *Turner, supra,* by pointing out that the charge of interest resulted from contract in the former case and that it resulted merely by operation of law in the case then under consideration. In the opinion the court said:

"The interest allowed in a judgment, where interest is not stipulated for in the contract sued on, is not by virtue of the contract between the parties to the suit, but is by operation of law, and is in the nature of a penalty provided by the law for delay in payment of the principal sum, after it becomes due. In the case of a judgment rendered against a county, by a court of competent jurisdiction, the rendering of the judgment can not, in any just or reasonable sense, be regarded as a contract by the county. The judgment is the decision or sentence of the law fixing the amount due, and we fail to see how the allowance of interest in a judgment on a claim due by a county can be construed as the contract of a county to pay interest—or as the issuing by the county of interest-bearing evidences of indebtedness."

(2-3) The language just quoted is a clear recognition by the court of the construction of the Constitution which prohibits counties and municipalities from issuing evidences of indebtedness constituting a contract for the payment of interest whether the interest appears on the face of the contract or otherwise. We hold now that that is what the framers of the Constitution meant, and that the county court exceeds its power when it undertakes to issue warrants or other evidences of indebtedness in any form for the payment of interest for future forbearance. There is no authority in this State for the payment of in-

terest at all by counties, for the old statute making judgments bear interest, even against counties, has been amended so as to exclude judgments against counties from its operation. Kirby's Digest, § § 5387, 5388.

Interest is nothing more nor less than compensation for forbearance, or, as otherwise defined "legal damages for injurious detention of money." *McDonald* v. *Loewen* (Mo.), 130 S. W. 52. Contractual interest is usually a temporary expedient, and the fact that the plan under consideration contemplates only a temporary postponement of the county debt does not alter its objectionable character.

If the Legislature has no power to declare county evidences of indebtedness to be interest-bearing after registration on account of lack of funds, then certainly it has no power to authorize the county court to enter into a separate contract for the payment of interest.

With the policy of the law, we have nothing to do, our only concern being as to its validity when measured by the terms of the Constitution. It may be that in the present emergency it would be a good thing for the county to procure a postponement of the presentation of its outstanding warrants to a future date by paying interest, but the Constitution forbids that, and we must all obey the mandate. The chancery court was, therefore, correct in reaching the conclusion that the proposed statutory plan for reissuance of the warrants is invalid, and the decree is affirmed.