The Honorable Chris Raff Prosecuting Attorney 411 North Spruce Street Searcy, AR 72145
Dear Mr. Raff:
This is in response to your request for an opinion regarding the constitutionality of a particular lease-purchase contract, namely, Lease Agreement No. M-300-026. You refer in your correspondence to Opinion No. 84-104 and state that you remain unsure whether the contract is valid.
It was concluded in Opinion No. 84-104 that a lease agreement for equipment which contains interest built-in to the lease price is constitutionally suspect. The Arkansas Supreme Court has yet to address this question. While a conclusive determination can therefore not yet be made in this regard, in the absence of a judicial ruling of state-wide precedential value, a recent Pulaski County Chancery Court decision does reflect at least one State court's thoughts on this matter.
The Fourth Division of the Pulaski County Chancery Court has invalidated a lease contract similar to the one submitted with your request (John W. Hall, Sr. v. Pul. Co., Ark. and Continental Telephone Co. of Ark., Inc., Memorandum Opinion and Order No. 86-212, dated April 23, 1987.) The Court determined that the portion of the monthly payment attributable to "administrative costs" under the contract in fact constituted interest. The payment of interest was declared to be an illegal exaction under Article 16, Section 1 of the Constitution of Arkansas which contains the prohibition on interest-bearing evidences of indebtedness. [It should be noted here that Amend. 13, which was referenced in Opinion No. 84-104, superseded Art. 16 1 but was itself superseded by Amend. 62 according to the Arkansas Supreme Court's ruling in City of Hot Springs v. Creviston, 288 Ark. 286,705 S.W.2d 415 (1986). However, as noted in the Publisher's Notes to Art. 16, 1, the court in Creviston held that Amend. 62 did not intend to repeal the original first section of Art. 16, 1, which contains the prohibition on interest bearing evidences of indebtedness.]
The defendants in the Pulaski County case argued in support of the contract that a debt was not incurred within the meaning of the constitutional prohibition since the County was only obligated to make payments out of current revenues and the County's liability for payments in future fiscal years was purely contingent. The Court rejected this argument, stating that the cases relied upon by the defendants were not based upon a distinction between conditional or contingent obligations, or upon whether the obligation was payable out of current revenues, or upon remedies available to the seller or lessor in the event of default. See Memo. Op. and Order, p. 8-10. The Court interpreted the cited cases as dealing only with limitations on the amount of debt a county or city may incur, an amount that is usually limited to current fiscal year revenues, and not with prohibitions on interest payments. Id. at p. 4-5. The Court stated the following in this regard:
 The cited authorities do not stand for the proposition that payments due under a contract in the current fiscal year are not indebtedness. They merely hold that no indebtedness arises for payments in future fiscal years if the county has the option of terminating its obligation to make those payments. (Emphasis in original)
Memo. Op. and Order, p. 6. The Court then referred to Black's Law Dictionary (5th Ed. 1979), pages 691 and 363, wherein "indebtedness" and "debt" are defined, respectively, as "[t]he state of being in debt" and "a sum of money due by certain and express agreement." Id. at p. 6.
It should also be noted that the Court made specific reference to an Attorney General Opinion issued several years prior to Opinion No. 84-104 (Opinion No. 80-170) wherein a similar potential argument was presented regarding the asserted annual nature of the obligation and legislative renewal of it year to year. The former Opinion was not found to be dispositive in light of the Court's conclusion that the city cases dealing with limitations of indebtedness are distinguishable. Memo. Op. and Order, p. 11-12. The Court pointed instead to the Arkansas Supreme Court's decisions in Bourland v. First National Bank Building Co.,152 Ark. 139, 237 S.W. 681 (1922), Quinn v. Reed, 130 Ark. 116 (1917), Forrest City v. Bank of Forrest City, 116 Ark. 377 (1915), and Goodwin v. State, 235 Ark. 457, 360 S.W.2d 490 (1962), concluding that the Supreme Court's concern in those cases appears to focus solely upon the payment of interest and not whether the obligations were conditional or unconditional or whether they were to be paid from current revenues. Memo. Op. and Order, p. 11. The case of Bourland v. First National Bank Building Co., supra, was cited in Opinion No. 84-104.
The Chancery Court does make reference to the fact that the lease agreement in question did not appear to qualify as a contract containing a purely contingent future liability. This finding was based in part upon the fact that the County could only terminate the agreement if funds were unavailable, through no fault of its own. Memo. Op. and Order, p. 13. While the decision is not clear on this point, a truly "optional" lease may have presented a different question. It must be noted, however, that this part of the Opinion focuses on remedies available to the lessor, and the Court was explicit in its initial statement that the lessor's remedy upon default "does not figure into the primary basis for my ruling in this action." Memo. Op. and Order, p. 3.
With regard to White County's lease agreement No. M-300-026, it is my opinion that a court would in all likelihood determine that interest is built into the lease price, notwithstanding the absence of a stated interest rate or separately designated interest payments in the amended lease schedule contained in Exhibit C. This conclusion is indicated by judicial decisions involving time price differentials as construed under constitutional provisions governing lawful rates of interest. Courts have equated a time price differential with interest, reasoning that a "time price differential" is ". . . an amount exacted for the forbearance or extension of time for the payment of the principal balance, and is therefore interest as contemplated by the Arkansas Constitution and Statutes." Pacific Industry, Inc., v. Mountain Inn, Inc., 232 F. Supp. 801, 806 (W.D.Ark. 1964); see also Universal C.I.T. Credit Corporation v. Hudgens, 234 Ark. 1127, 356 S.W.2d 658 (1962).
While the Pulaski County Chancery Court decision does not offer precedent in your judicial district, it does reflect one State court judge's confirmation of the conclusion reached in Opinion No. 84-104 and thus cannot be ignored for purposes of this opinion. It must be concluded subject to a final decision by the Arkansas Supreme Court, that the lease-purchase agreement submitted with your request is constitutionally suspect.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General