Paul E. Danielson, Justice, concurring in part and dissenting in part. I agree with the majority’s answer to the first certified question in this case— the facts and circumstances presented do not provide Bowerman with a claim for illegal exaction. However, I write separately because I would also address the second certified question. The |smajority incorrectly holds that because it answers the first certified question in the negative, Nelson v. Berry Petroleum Co., 242 Ark. 273, 413 S.W.2d 46 (1967), does not apply to this case and any discussion of the propriety of the holding in Nelson would be advisory. In my opinion, Nelson is directly on point to the present case; thus, this court must either distinguish it or overrule it to the extent it conflicts with the court’s holding. In Nelson, this court allowed a private citizen to pursue an illegal-exaction suit against several oil companies wherein Nelson alleged that the state highway department had overpaid for the purchase of asphalt to construct highways because the oil companies had colluded to fix prices far in excess of the fair market and customary value of asphalt in adjoining territories. Nelson’s theory was that the .grades and quantities of asphalt sold to the taxpayers of Arkansas were of a lower grade and quantity than paid for by the highway department. He alleged that the oil companies had unlawfully received over three million dollars in taxpayer funds. After the circuit court sustained the oil companies’ demurrers, it dismissed the complaint. On appeal, this court reversed the circuit court, focusing on the breadth of article 16, section 13 of the Arkansas Constitution. We noted that an illegal exaction encompasses “both direct and indirect illegal exactions, thus comprehending any attempted invalid spending or expenditure by any government official.” 242 Ark. at 277, 413 S.W.2d at 49 (citing Quinn v. Reed, 130 Ark. 116, 197 S.W. 15 (1917), and Farrell v. Oliver, 146 Ark. 599, 226 S.W. 529 (1921)). “With little limitation, almost any misuse or mishandling of public funds may be challenged by a taxpayer action.” Id. at 277, 413 S.W.2d at 49. As the federal district court’s certification order aptly points out, Nelson appears to support two propositions. First, that a citizen-taxpayer may sue private defendants for illegal |9exaction. Second, that even when the state has proper authorization to distribute money, an illegal-exaction suit may be sustained where a non-government third party acted illegally. Both propositions support Bowerman’s illegal-exaction claim, and I submit that this court must answer whether Nelson is still good law in light of its holding that Bower-man’s complaint fails to support a claim for illegal exaction. Consequently, to the extent that Nelson is inapposite, it should be overruled. In my opinion, it is difficult to distinguish Nelson from the present case. Although Takeda attempts to distinguish Nelson on the basis that the challenged appropriation was illegal at the time it was made (when the state paid for the asphalt at a price-fixed amount) versus the appropriation in the present case, which becomes illegal at some future, indeterminate time (when a court of law determines that Takeda is liable under either theory presented), I think this distinction is without merit. Importantly, at the time it purchased the asphalt, the State was sufficiently authorized to do so. No court had yet determined that the oil companies had acted unlawfully. Similarly, no court has yet found that Takeda is liable for any wrongdoing connected to its Actos-related medications. Moreover, the majority distinguishes Nelson on the basis that Nelson alleged that the State overpaid for asphalt of an inferior grade than what had been contracted for, whereas in the present case, the State paid for exactly the drug that was prescribed by a physician. The majority misses the point. The State was authorized to pay the expenditure in both instances; potential third-party liability in no way transforms the lawful expenditure by the State into an illegal exaction. Because I can find no significant difference between the present case and the Nelson locase, I would overrule it to the extent it conflicts with this decision. CORBIN and HOOFMAN, JJ., join in this opinion.