ROAD IMPROVEMENT DISTRICT NO. 1. v. DELINQUENT LANDS.

Opinion delivered April 2, 1923.

1. HIGHWAYS—INVALIDITY OF ROAD DISTRICT BONDS.—In an action to enforce assessments for road improvements, a decision as to the validity of bonds issued by a road improvement district which have gone into the hands of innocent purchasers would not be binding on the holders of such bonds where they are not parties to the action, and therefore the question will not be determined.

2. HIGHWAYS—INVALIDITY OF ROAD DISTRICT BONDS—ENFORCEMENT OF ASSESSMENTS.—In an action by a road improvement district against delinquent lands for unpaid assessments, allegations of the property owners that the sale of bonds with which the improvement was made was void, being for less than par, in violation of the statute, is no defense where the improvement was constructed as required by the statute, as the district, having received the benefit of the construction, must pay for it, even though the bonds were sold illegally.

Appeal from Independence Chancery Court; *Lyman F. Reeder,* Chancellor; reversed.

*Chas. F. Cole, Rose, Hemingway, Cantrell & Loughborough,* for appellant.

Even though the bonds were sold below par, contrary to the provisions of the statute, it would not affect the liability of the district to pay for the improvement made. *Hitchcock* v. *Galveston,* 96 U. S. 341; *Fitzgerald* v. *Walker,* 55 Ark. 148; *Searcy* v. *Yarnell,* 47 Ark. 269; *Railroad* v. *Stancell,* 43 Ark. 275; *Book* v. *Polk,* 81 Ark. 244; *Altheimer* v. *Plum Bayou Levee Dist.,* 79 Ark. 229; *Forrest City* v. *Bank of Forrest City,* 116 Ark. 377;

*Houston & T. C. Ry.* v. *Texas,* 177 U. S. 67; *District of Columbia* v. *Lyon,* 161 U. S. 200; *Little Rock* v. *National Bank,* 98 U. S. 308; *Ft. Worth City Co.* v. *Smith Bridge Co.,* 151 U. S. 294; *Richeson* v. *National Bank of Mena,* 96 Ark. 594; *Dunbar* v. *Cazort & McGehee Co.,* 96 Ark. 308. Bonds in fact were not sold below par. *Arkansas Foundry Co.* v. *Stanley,* 150 Ark. 127. A sale to the contractor would have been justified under the circumstances. *Hopson* v. *Hellums,* 111 Ark. 421. The payment to the contractor in settlement of his claim for damages was a fair compromise, and will be upheld. *First National Bank* v. *Mena,* 141 Ark. 328; *Bankers' & Planters' Mutual Ins. Assn.* v. *Archie,* 145 Ark. 481; *Fair* v. *Beal-Burrow Dry Goods Co.,* 148 Ark. 340. A sale of the bonds below par in violation of the act will not vitiate bonds in the hands of innocent purchasers. 2 Dill. Mun. Corp. 1401, sec. 895 and 918, p. 1440; *Woods* v. *Lawrence Co.,* 1 Black 386, 410; *Richardson* v. *Lawrence Co.,* 154 U. S. 536; *Mercer Co.* v. *Hackett,* 1 Wall. 83, 96; *Mayer* v. *Roy,* 19 Wall. 468, 478; *Commissioners* v. *Aspinwall,* 21 How. 539; *Cromwell* v. *County of Sac.,* 96 U. S. 31; *Montpelier, etc.* v. *Home Board Education,* 62 Fed. 778 Ct. App.; *Citizens' Savings Bank* v. *Town,* 65 N. E. (N. Y.) 978; *St. Paul Light Co.* v. *Village of Sandstone,* 75 N. W. (Minn.) 1050. Fact that selling broker split his fee with purchaser does not affect validity of bonds.

*Earl C. Casey* and *J. A. Watkins,* for appellee.

The bonds were sold for less than par, in violation of the statute, and are void. Sec. 8, p. 885, Acts 1919; Abbott's Public Securities, 492; *Village of Ft. Edward* v. *Fish,* 50 N. E. 973; *State* v. *Delafield,* 8 Paige 527; *Hunt* v. *Fawcett,* 36 Pa. 318; *Wilson* v. *Herbert,* 174 S. W. 861; *Uhler* v. *Olympia,* 151 Pac. 117. The court's attention is especially invited to this case, and also *Spear* v. *Bremerton,* 156 Pac. 825. In case of *Hitchcock* v. *Galveston,* 96 U. S. 341, relied on by appellant, and the Arkansas cases cited, decided on same principles, the suits were for the value of the work done or service

rendered. Here the work was not completed. Bonds issued in violation of law can not be collected. *Lindsay v. Rottaken,* 32 Ark. 634; *Arkansas Foundry Co.* v. *Stanley,* 150 Ark. 127. The seller of the bonds split his fee with the purchaser, a flagrant evasion of the statute. The bond issue is invalid, and the judgment should be affirmed.

McCULLOCH, C. J. This is an action instituted in the chancery court of Independence County by appellant, the board of improvement of a local improvement district created by special act of the General Assembly, to enforce payment of unpaid assessments.

It appears from the pleadings that the assessment of benefits was duly made in accordance with the terms of the statute, that a tax thereon was levied to pay the cost of the improvement, that a contract was let for the construction of the improvement, that bonds were issued and sold in the sum of $100,000 to raise funds to pay the cost of the improvement as the work progressed, and that the improvement was completed.

Owners of lands in the district filed answer, setting up as a defense that the bonds of the district were illegally sold for less than par, in violation of the statute requiring that the bonds should not be sold for less than par, and that for this reason there should be no collection of assessments to pay the bonds.

The court overruled appellant's demurrer to this part of the answer, and there was a trial, which resulted in a decree dismissing the complaint for want of equity.

The court found from the evidence that the bonds had been sold for less than par, and decided that this rendered the bond issue void, and that there could be no recovery of assessments.

It appears from the proof adduced that the bonds were first sold to a certain bond-buyer at a price above par, but that the buyer later refused to accept the bonds, and the sale was not consummated. In the meantime there had been a depreciation in the price of bonds of

this character, and they could not be sold in the market at par value. A contract had been let, and the contractor was proceeding with the work, and, in order to secure a sale of the bonds, the contractor undertook to sell the bonds for the district, and did so at a price less than par, but the district allowed the contractor a brokerage fee of five per centum on the face of the bonds, and also made certain other allowances, which, after being deducted from the face of the bonds, made it possible for a sale at a price offered by a bond dealer.

The contention is that the allowance of a brokerage fee and other items of credit to the contractor so as to effect a sale of the bonds constituted an evasion of the statute and rendered the bond sale void. This subject is fully discussed, and the law in reference thereto stated, in the recent case of *Arkansas Foundry Co.* v. *Stanley,* 150 Ark. 127.

There was also testimony introduced tending to show that the bonds, which were negotiable in form, are now in the hands of innocent purchasers for value.

We deem it unnecessary to determine whether or not the circumstances under which the bonds were sold constituted an evasion of the statute so as to violate its terms and render the bonds void, and we also deem it unnecessary to discuss the question whether the present holders of the bonds should be protected as innocent purchasers. The holders of the bonds are not parties to the present action, which is merely one to collect assessments on lands in the district, and a decision as to the validity of the bonds would not, for that reason, be binding on the holders of the bonds.

The question decisive of the case is whether or not, irrespective of the validity or invalidity of the bonds, the district has a right to collect assessments.

We are of the opinion that the allegation that the sale of the bonds was void does not constitute any defense to the action to collect assessments. It is undisputed that the district constructed the improvement as

provided by statute, and that the district is liable for the cost of the improvement. It is unimportant to determine, in this case, in what way that liability shall be enforced. The district has received the benefit of the construction of the improvement and must pay for it, even though it should be held that the bonds were illegally sold. The case falls within the principles announced in the following cases: *Fitzgerald* v. *Walker*, 55 Ark. 148; *Altheimer* v. *Board of Directors*, 79 Ark. 229; *Forrest City* v. *Bank of Forrest City*, 116 Ark. 377; *Hitchcock* v. *Galveston*, 96 U. S. 341.

The decree is therefore reversed, and the cause is remanded, with directions to enter a decree enforcing the assessment against delinquent lands, in accordance with the prayer of the complaint.