Deane v. Moore.

## Opinion delivered March 30, 1914.

1. Street improvement districts—petition—surplusage.—A mere request in the petition for the formation of a street improvement district, as to the width of the street, is mere surplusage, and will not affect the validity of the petition, even though inserted after the petition was signed.   (Page 258.)

2. Street improvement districts—assessed benefits—twenty per cent valuation.—Where the contract price for the work of a street improvement district, after deducting the amounts to be contributed by the city and county does not exceed 20 per cent of the assessed valuation of the property in the district, and the proof warrants the conclusion that the latter sums will be paid, the provisions of Kirby's Digest, § 5683, are not violated.   (Page 259.)

3. Local improvement—cost of improvement.—Under Act 125, Acts 1913, the interest on money borrowed will not be computed as a part of the cost of an improvement as far as relates to the limit of 20 per centum.   (Page 259.)

4. LOCAL IMPROVEMENT—COST OF IMPROVEMENT.—The act of 1913, Act No. 125, is not retroactive and does not apply to an improvement which the property owners have already petitioned for. (Page 260.)

5. LOCAL IMPROVEMENT—PROMOTER'S FEES.—The payment of a promoter for organizing a street improvement district, while without authority, does not invalidate other proceedings in the formation of the district. (Page 260.)

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Morris M. & Louis M. Cohn* and *J. A. Comer,* for appellants.

1. Alteration of a petition for an improvement of this character, which is material, avoids the petition. 3 Am. & Eng. Enc. of L. 361, and notes; 3 *Id.* 360; 36 Ark. 136; 27 Ark. 108; 1 Ark. 117; 74 S. E. (N. C.) 801; 137 S. W. 619; 5 Ark. 377-380; 9 Ark. 122; 32 Ark. 166; 134 N. W. 251; 6 L. R. A. 469; 7 L. R. A. 743.

Failure to publish the ordinance renders it void and inapplicable. McQuillin, Municipal Ordinances, § 697; 67 Ark. 30; 104 Ark. 298-301.

The second petition was, or operated as, an abandonment of the project contemplated by the ordinance creating the district. The effect is that the second petition is void, and the first has been avoided by the passage of the ordinance reducing the width of the streets. 136 Ill. 207, 27 N. E. 543; 26 Ohio St. 345; Hamilton, Assessments, § § 383, 463, 639; 159 Ill. 580, 42 N. E. 784; 104 Ark. 298; 103 Ark. 269; 56 So. 874; 108 Ark. 141.

2. The statute provides that "no single improvement shall be undertaken which alone shall exceed in cost 20 per centum of the value of the real property in such district, as shown by the last county assessment." Kirby's Dig., § 5683.

Interest is to be computed in determining whether the 20 per centum is exceeded or not. 102 Ark. 306.

3. The improvement can not properly be proceeded with because the petition was without sufficient signa-

tures to constitute a majority in value of the property in the district, at least two signatures on the second petition being invalid.

*J. W. & J. W. House, Jr.*, for appellees.

1.   A clear preponderance of the testimony sustains the chancellor's finding that there was no alteration of the petition after its circulation.

2.   The ordinance reducing the width of the streets was afterward repealed.   Evidence was introduced at the trial to prove that fact, and it is referred to in the court's decree.   No bill of exceptions was filed to bring into the record this evidence, which was given orally, and the transcript fails to reflect it.   The full record is not before this court, and the decree should be affirmed for that reason.   108 Ark. 51, and authorities cited.

3.   Authorities cited by appellants do not sustain their contention that the second petition was an abandonment of the first one.   The change, if any, brought about by the use of the words "that the width of the street be diminished to lessen the cost," will not amount to an abandonment of the original petition, because (1) no width was suggested and the matter was left entirely to the city council; (2) it is irrelevant and immaterial, and (3) it was not granted.   The city council alone has exclusive power to change the width of streets.   103 Ark. 209; 29 N. J. Eq. 107; 90 Ark. 37; 95 Ark. 579.

McCULLOCH, C. J.   Appellees constitute the board of improvement of a district formed in the city of Little Rock for the purpose of paving portions of certain streets in a given territory; and appellants, who are owners of property affected by the improvement, instituted this action to restrain further proceedings.

The district was formed by an ordinance of the city council, passed April 17, 1911, pursuant to a petition of ten owners of real property situated within the territory to be affected; and thereafter, within the time prescribed by statute, a petition, purporting to be signed by a majority in value of the owners of the real property in the

district, was presented to the city council, praying that the improvement be made. The city council appointed the board, and they proceeded to form plans to make the contemplated improvement.

This suit involves an attack upon the validity of the proceedings and the purpose of it is to restrain the board from taking any further steps looking to letting the contract for constructing the improvement or levying assessments.

The first point of attack is that, after the petition was signed by property owners, a material alteration therein was made, which rendered the petition void.

The streets to be improved were thirty-six feet in width, and the petition, as presented, contained a clause asking that "the width of the streets be diminished to lessen the expense." It is charged that those words were incorporated in the petition after it was signed. The city council passed an ordinance narrowing the streets from thirty-six to thirty feet in width; but that evoked considerable opposition among the property owners, and another ordinance was later passed repealing it and restoring the street to its former width. It is contended that that ordinance had not been published and that it is, therefore, inoperative. But, from the condition of the record presented here, we must support the finding of the chancellor that the ordinance was duly passed and published. The materiality of that question, however, will be discussed later.

There is a conflict in the testimony as to whether or not the clause above quoted with reference to narrowing the street was in the petition at the time it was signed by the property owners. The chancellor apparently found against appellants on that issue; but the view we take of the case renders it unnecessary for us to determine whether or not that finding is against the preponderance of the evidence. The matter of fixing the width of the street was one which addressed itself to the city council, entirely apart from the question of making the improvement. It had no proper place in the petition

for the improvement, as the statute prescribes what the contents of the petition shall be. That request must, therefore, be treated as surplusage in the petition. It might have been separately made as an expression of the wishes of the property owners, and for that purpose could be treated as a separate and distinct request. But its presence there did not affect the validity of the petition, even if it was inserted after the petition was signed, for it did not amount to a material alteration. If the request for narrowing the street had been embodied in the petition as a condition upon which the property owners based their consent, then the question would arise whether the improvement could be made unless that condition was complied with. But it is not stated in the petition as a condition, and is a bare request of the property owners, and their consent is expressed regardless of the result of their request. Besides, appellants are not complaining that they made this request and that it was not complied with. The basis of their complaint is that they did not make the request at all. Therefore, it can not be said, in any view of the case, that their rights have been affected. If the city council, in the exercise of its power over the streets, saw fit to narrow the street, it necessarily resulted in the lessening of the cost of the improvement. On the other hand, if the request is not complied with and the width of the street is not diminished, appellants are not injured, for that is what they are striving for.

Even if the ordinance repealing the former ordinance narrowing the street had not been published, it is still within the power of the city council to pass another ordinance on that subject. In no view of the case, however, does that affect the validity of the proceedings.

It is next contended that the board of improvement is about to make contracts for constructing the improvement at a cost largely in excess of 20 per cent of the value of the property in the district as authorized by statute.

That contention is not sustained by the record. The proof shows that the amount of the contract price, including interest on bonds, after deducting the amounts to be contributed by the city and county toward the improvement, will not exceed 20 per cent of the assessed valuation of the property, and is, therefore, not in conflict with the statute which limits the cost of improvement to "20 per centum of the value of the real property in such district as shown by the last county assessment." Kirby's Digest, § 5683.

The proof warrants the conclusion that the promised contributions from the city and county will be made, so that the cost to the district of making the improvement will not exceed the statutory limit, nor amount to an abortive attempt to make the improvement without having sufficient funds. *McDonnell* v. *Improvement District,* 97 Ark. 334.

The statute is amended by Act No. 125 of the General Assembly of 1913, so that interest on money borrowed shall not be computed as a part of the cost of improvement as far as relates to the limit of 20 per centum. But the new statute, at least so far as it respects this limitation, is not retroactive and does not apply to an improvement which the property owners have already petitioned for. To give it that effect will be to impose an additional burden upon the property owners without first obtaining their consent as required by the Constitution.

But, as before stated, the proof is sufficient to warrant the finding of the chancellor that the cost of the improvement does not exceed the limit fixed by the statute.

It is also contended that two of the signatures on the petition were unauthorized.

It appears, however, that if the property represented by those signatures is eliminated from the petition it still embraces a majority in value of the owners of the property.

Another point made in the brief is that the petitioners have wrongfully executed a note for the sum of $100 to the party who circulated the petition.

Appellee seeks to justify this under the act of 1913, which authorizes the board of improvement to "pay a reasonable compensation to the persons who have done necessary preliminary work in the organization thereof."

As before stated, the act of 1913 is not retroactive and does not authorize payment to the promoter of a district organized prior to the passage of the act. However, that does not affect the validity of the other proceedings toward making the improvement and the complaint does not contain any prayer for relief against that expenditure.

We do not find in the record any grounds for restraining the proceedings, and the chancellor was therefore correct in dismissing the complaint for want of equity. Decree affirmed.

SMITH, J., not participating.