THE CITY OF FORREST CITY v. BANK OF FORREST CITY.

Opinion delivered January 18, 1915.

1. MUNICIPAL CORPORATIONS—WATER SUPPLY—CONSTRUCTION—RIGHT TO BORROW MONEY.—A city council, under Kirby's Digest, § 5442, has the power to borrow money to pay the expense of moving the pumping station of its water supply from one site to another.

2. MUNICIPAL CORPORATIONS—WATER SUPPLY—NOTES.—A municipal corporation has the right to borrow money to purchase necessary machinery for constructing and taking care of its water supply, and to pay the cost of moving its pumping station, and will be liable to the lender on notes given for the money so borrowed.

3. MUNICIPAL CORPORATIONS—CONTRACTS—PAYMENT—NOTES.—Where a municipal corporation has, under the statute, the power to create a debt by contract, the right carries with it the right to execute a note in payment thereof.

4. MUNICIPAL CORPORATIONS—EVIDENCES OF DEBT—INTEREST.—Under art. 16, § 1, of the Const. of 1874, a municipal corporation can not issue interest-bearing evidences of indebtedness, but the Constitution

does not prohibit the issuance of evidences of indebtedness not bearing interest, therefore when a municipal corporation issued interest-bearing notes to E. in consideration of a loan of money, borrowed from E. for a legitimate purpose, E. may recover the amount of the notes but can not recover any interest thereon.

5.  MUNICIPAL CORPORATIONS—DEBT—NOTES—INTEREST.—Where a municipal corporation borrowed money for a purpose authorized by statute, and gave an interest-bearing note therefor, the provision in the note calling for the payment of interest is in excess of the authority of the city council, and may be regarded as surplusage.

Appeal from St. Francis Circuit Court; *J. M. Jackson,* Judge; affirmed.

*W. W. Hughes,* for appellant.

1.  The city had no power to borrow money in the absence of express authority in the Constitution or from the Legislature. Kirby's Digest, § § 5436-7, 5442-3; 1 Dillon on Mun. Corp. (5 ed.), § § 289, 290; 19 Wall. 468; 89 Ala. 641; 102 Iowa 69; 117 Md. 122; 29 Am. Cases 73; 29 La. Ann. 973; 37 N. J. L. 191; 6 Ann. Cases 754, and note; 119 N. Y. 280; 61 Tex. 316; 85 *Id.* 520, 540; 94 Va. 668; 28 W. Va. 288; 144 U. S. 173, 549; art. 12, § 3, Const.

No power is given to borrow for any other purpose than to extend the time of payment of indebtedness theretofore incurred. The maxim *inclusio unius exclusio alterius* is applicable. 54 Ark. 509, 513; 71 *Id.* 4, 8, 9.

2.  Nor has the city power to issue negotiable paper. 2 Dillon, Mun. Corp. (5 ed.), § § 870, 878; 144 U. S. 173; 56 Fed. 197; 71 Ark. 4, 8, 9; 82 Fed. 568; 83 *Id.* 669; 67 *Id.* 137; 59 *Id.* 221, 227; 73 *Id.* 395-9; 112 Mich. 102; 70 N. W. 412; 49 La. Ann. 1758; 22 So. 1012. Such power must be specially conferred 70 N. W. 412; 148 S. W. 680; 15 Wall. 566; 5 Dill. 165; 10 Fed. Cases 3276; 131 Iowa 540; 9 Ann. Cases 1117; 141 Fed. 941.

3.  No city can issue interest-bearing evidences of debt. Const., art. 16, § 1. The cases cited by appellees, 67 Ark. 542, and 74 *Id.* 190, against the right to plead *ultra vires* are distinguishable from this case. So are 87 Ark. 389; 89 *Id.* 95, and 49 Am. Dec. 416. Here the

notes were issued in violation of law and the city is not estopped to plead *ultra vires.*

4. The resolution was not legally passed. Kirby's Dig., § 5473; 50 Ark. 105; 28 Cyc. 334.

5. There was no power in the city to renew the notes except by ordinance or resolution authorizing the renewal. 2 Dill. Mun. Corp. (5 ed.), § 939; 82 Fed. 568; 138 U. S. 673; 192 Ill. 355.

6. The bank was not a *bona fide* purchaser of the notes. One can not be an innocent holder of paper issued by a municipality without authority. Joyce on Com. Paper, § 87; 32 Ark. 619; 94 U. S. 225; 131 Iowa 540; 9 Ann. Cases. 1117; 144 U. S. 173; 192 Ill. 355; 83 Fed. 669; 107 Mich. 409; 65 N. W. 376; 115 Wis. 340; 91 N. W. 1104; etc.

7. The notes are entire contracts and not severable. 1 Page on Cont., § 509; 54 S. W. 655; 197 Ill. 346; 5 Am. Rep. 664; 164 S. W. 1092; 62 Ark. 370, 375.

8. The notes are barred. 73 S. C. 83; 6 Ann. Cases 754.

*R. J. Williams* and *James P. Clarke,* for appellees.

1. The facts justify a judgment for appellees, regardless of the court's findings and declarations of law. 64 Ark. 236; 62 *Id.* 228.

2. Kirby's Dig., § 5473, only applies to the passage of ordinances or resolutions entering into a contract. 75 Ark. 340. Courts presume that unauthorized persons are not allowed to participate in council meetings, and take judicial notice of the persons whose names are cited in the order. 66 Ark. 180.

3. The record of the proceedings of the council were introduced in evidence without objection. It is too late to object now. Kirby's Dig., § 1233; 75 Ark. 342; 68 *Id.* 71. Besides, the objection is too general. 62 Ark. 208.

4. The motion for new trial does not state specifically the objections to the finding of the court. 65 Ark. 278.

5. The notes are not barred. 22 Ark. 217; 66 *Id.* 464.

6. A municipality has the right to issue written evidences of indebtedness. 103 Fed. 424; 74 Ark. 503; 131 Iowa 540; 9 Ann. Cases 1117; 111 U. S. 408; 74 Fed. 528; 5 Dillon 338; 61 Ark. 402; 87 *Id.* 390; 76 Fed. 282; 80 Ark. 126; 47 *Id.* 283; 3 Dillon, Mun. Corp. (late ed.), § 1303; 23 Fla. 203; 98 Ark. 510; 50 *Id.* 416.

HART, J. This suit was instituted in the circuit court by Eugene Williams and the Bank of Forrest City against the city of Forrest City, to recover the sum of $5,196.43 alleged to be due plaintiffs by the defendant. The pleadings and proof introduced established the following state of facts:

Forrest City is a city of the second class and on the 8th day of June, 1906, its common council passed a resolution whereby its mayor was authorized and directed to execute to Eugene Williams, two notes, one for $3,160, due and payable February 8, 1907, for cash borrowed, and one for $2,196.43, due and payable one year after date, being for the purchase of material and stock for an electric light plant, said notes to bear 8 per cent. interest from maturity. The yeas and nays were called on the passage of the resolution and it was duly adopted. At a subsequent meeting of the council the mayor reported that, pursuant to the first resolution, he had executed the two notes to Eugene Williams, that one was for $2,196.43, due twelve months after date, for stock and merchandise on hand at the light plant at the time of delivery and not included in the purchase price of the plant; that the other one was for $3,160, due eight months after date, and that the loan was made for the purpose of removing the pumping station of the water plant to the lot occupied by the light plant. His report was accepted and approved by the council.

On the 20th day of September, 1910, the council passed a resolution authorizing the mayor and recorder to renew said notes. The yeas and nays were not called on this resolution. Pursuant to the resolution the mayor and recorder executed renewal notes in place of the orig-

inal notes. On September 24, 1910, a payment was made on the notes.

The case was tried before the court sitting as a jury and the court found that the city was not liable for interest and rendered judgment in favor of plaintiffs for the sum of $5,196.43, the amount of the principal of the notes. The defendant pleaded the statute of limitations and to reverse the judgment relies upon the statute of limitations of three years.

It is the contention of counsel for the defendant that because section 1 of article 16 of our Constitution prohibits a municipal corporation from issuing interest-bearing evidence of indebtedness, it thereby prohibits municipal corporations from executing any written evidence acknowledging its debt and stipulating therein the terms of payment.

Counsel admit that under section 5443 of Kirby's Digest which provides in effect that municipal corporations shall have power to provide for and construct or acquire works for lighting its streets, alleys, parks and other public places, the city council had authority to incur the indebtedness of $2,196.43 for the material purchased by it from Williams for its light plant. But they insist that it had no authority to issue its promissory note in evidence of said debt.

Section 5473 of Kirby's Digest provides that on the passage of every by-law or ordinance, resolution or order to enter into a contract by any council of any municipal corporation, the yeas and nays shall be called and recorded.

It will be noted that the original contract was entered into with Williams on the 8th day of January, 1906, and the yeas and nays were called on the passage of the resolution authorizing the contract. The renewal was provided for by resolution passed on September 20, 1910, but the yeas and nays were not called on the passage of the resolution.

The present suit was instituted on the 4th day of March, 1914. This was more than three years after the

passage of the resolution on September 20, 1910, authorizing the renewal. It is the contention of counsel for the defendant that the notes executed by the city are void and that the city was only liable on its contract for the purchase of the material for the electric light plant and that the claim therefor is barred by the three years statute of limitations.

The same contention is made in regard to the procurement of the loan of $3,000 and in addition counsel for the defendant contend that the city had no authority whatever to borrow $3,000 for the purpose of moving the pumping station to the electric light plant. In regard to this latter contention it may be said that section 5442 of Kirby's Digest provides in effect that municipal corporations shall have power to provide a supply of water by constructing or by acquiring by purchase or otherwise, wells, pumps, cisterns, reservoirs or waterworks, to regulate the same, and to prevent unnecessary waste of water, etc.

(1-2) The power expressly conferred by this section carries with it as a necessary incident the authority to make such subsidiary contracts as are necessary to effectuate the purposes of the act. Therefore we are of the opinion that the city council had the power to borrow the money to pay the expense of moving the pumping station of the water plant to the site of the light plant. Hence, the right to recover on both notes is the same.

In the case of *Merrill* v. *Monticello*, 138 U. S. 673, the court held that the implied power of a municipal corporation to borrow money to enable it to execute powers expressly conferred upon it by law, if it exists at all, does not authorize it to create and issue negotiable securities to be sold in the market and to be taken by a purchaser freed from equities that might be set up by the maker. Under the authority of this decision and others to the same effect, it is contended by counsel for the defendant that the notes originally given by the municipal corporation sued on herein were void.

After stating the facts in the case of *Merrill* v. *Monticello, supra,* Mr. Justice Lamar said: "The decisive question presented by the record in this case is, did the town of Monticello have authority, under the laws of Indiana, to issue for sale in open market, negotiable securities in the form of bonds and coupons on which recovery is here sought. After discussing the question thoroughly the court held that it did not. In the course of the discussion, however, the learned justice said:

"It is admitted that the power to borrow money, or to incur indebtedness, carries with it the power to issue the usual evidences of indebtedness, by the corporation, to the lender or other creditor. Such evidences may be in the form of promissory notes, warrants and, perhaps, most generally, in that of a bond. But there is a marked legal difference between the power to give a note to a lender for the amount of money borrowed, or to a creditor for the amount due, and the power to issue for sale, in open market, a bond, as a commercial security, with immunity, in the hands of a *bona fide* holder for value, from equitable defenses."

Judge Dillon in his work on Municipal Corporations stated the rule to be as announced by the Supreme Court of the United States and among the cases cited is the case of *Merrill* v. *Monticello, supra.* See Dillon on Municipal Corporations, vol. II, § 872.

In section 873 of the same volume the learned author added the following: "It is the generally accepted doctrine that, when a municipal corporation has the power to contract a debt, such power carries with it, by implication where there is nothing to rebut it, the right to give an appropriate acknowledgment of the debt and to agree with the creditor as to the time and mode of payment; and it has been frequently declared that, in the absence of any statutory provision, there is no rule of law limiting the extent of the credit. From this broad general principle it has been laid down that where a municipal corporation has lawfully contracted a debt, and especially where it is expressly authorized to borrow money, it has

the implied power, unless restricted by its charter or by statute, to evidence the same by an appropriate written acknowledgment.''

We also think the language of our court in the case of *Altheimer* v. *Board of Directors of Plum Bayou Levee Dist.*, 79 Ark. 229, has a direct bearing on the questions of law raised by this appeal. In that case at page 233 the court said:

''We think it is clear that the Legislature meant to provide for the building and maintenance of a levee sufficient to protect the real property in the district, and that the cost thereof was not limited to the amount of money which the directors were authorized by the statute to borrow and to issue bonds to cover. The primary duty and power of the board of directors is to cause the levee to be constructed, and the power to bind the district for the payment of the cost thereof necessarily follows, whether it exceeds the amount of money the board is authorized to borrow or not. The limitation upon the power to borrow money and issue bonds does not restrict or impair the power to construct and maintain the levee and to contract debts in the performance of that duty. *Hitchcock* v. *Galveston,* 96 U. S. 341.

''The board, therefore, having the power to contract debts for the construction of the levee, it may also issue written evidences of the indebtedness to the creditors of the district. Such writings do not enlarge the liability of the district, but only evidence the liability. *Merchants Nat. Bank* v. *Citizens Gas Light Co.,* 159 Mass. 505; *City of Williamsport* v. *Commonwealth* ex rel., 84 Pa. St. 487. 'The power to contract a debt,' says the Pennsylvania court, 'carries with it by necessary implication the right to give appropriate acknowledgment of such debt, and to agree with the creditor as to the time and mode of payment; that, in the absence of any statutory provision, there is no rule of law limiting the extent of the credit.' ''

We think the principles of law in the authorities above cited sustain the finding of the circuit court rather than call for a reversal of its judgment. In the case be-

fore us the facts are that the note was transferred by Williams to the Bank of Forrest City, but there is no claim of any equities between Forrest City, the maker of the note, and Eugene Williams, to whom it was payable. Williams is a party plaintiff to the action.

(3) We think it follows from the above authorities that if the municipal corporation had the power to make the contract for which the notes were given, such power carried with it the right to agree with the creditor as to the time and mode of payment of the debt, and to give a proper written acknowledgment thereof.

As we have already stated, the municipal corporation had the authority to execute the contract and as a necessary incident thereto it had the power to execute its note for the amount of the indebtedness.

It is true that under article 16, section 1, of our Constitution it was prohibited from issuing interest-bearing evidence of indebtedness, but it is neither expressly nor impliedly prohibited from issuing any evidence of indebtedness.

(4) The act of the city in binding itself to pay interest being forbidden by the Constitution, its attempted exercise of such power was in excess of its authority and the circuit court was right in holding that the city was not liable for interest. It does not follow, however, because it provided that the notes should bear interest, that this tainted the whole transaction and rendered the notes themselves void.

(5) The provision in the note calling for the payment of interest was in excess of the authority of the city council and may be regarded as surplusage.

The payee in the note was the plaintiff in this action and had a right to recover upon the notes.

The record shows that a payment was made in September, 1910, and this payment prevented the action from being barred by the statute of limitations.

It follows that the judgment must be affirmed.