### GOULD v. DAVIS.

### Opinion delivered March 4, 1918.

COUNTY WARRANTS—REFUNDING—GARLAND COUNTY—CONSTITUTIONAL LIMITATION.—§§ 4 and 8 of the Acts of 1917 Vol. 1, p. 846, providing for the funding of the indebtedness of Garland County, *held* unconstitutional.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; affirmed.

*Buzbee, Pugh & Harrison,* for appellant.

The act is not unconstitutional. 130 Ark. 116. The will of the Legislature is clearly expressed and there is no ambiguity. 24 Ark. 487; 46 *Id.* 159; 20 Wendell 562; 47 Ark. 404; 59 *Id.* 237; Southerland on Stat. Constr. 315-16, §§ 238, 283; 87 Ark. 400; 106 *Id.* 517; 123 *Id.* 68. The act must be clearly unconstitutional. 32 Ark. 144; 99 *Id.* 1; 102 *Id.* 166; 100 *Id.* 175; 112 *Id.* 342; 114 *Id.* 155; 92 *Id.* 309; 86 *Id.* 412; 130 Ark. 52. See also 72 Ark. 195.

The act does not contravene the Constitution. Cases *supra.*

*Berry H. Randolph* and *G. H. Speer,* for appellee.

The act is unconstitutional and void. 130 Ark. 116; Const., Art. 16, § 1.

STATEMENT OF FACTS.

James Gould filed a petition for mandamus against Charles H. Davis, as treasurer of Garland County, to

compel the payment to him of a county warrant of which he was the owner. His petition alleges that the county treasurer has in his hands sufficient funds with which to pay said warrant, but refused to pay the same.

The defendant stated in his answer that Garland County was indebted in the sum of $180,000.00 and that the Legislature of 1917 passed a special act for the funding of its indebtedness. (Acts of 1917, vol. 1, p. 846.)

The answer further alleged that pursuant to this act the county made a contract with James Gould to take up its warrants and hold them for a specified time in the future without presenting them for payment and in consideration therefor it agreed to pay said Gould a specified amount for his indulgence in not presenting said warrants for payment until the time specified in the contract; that the warrant in question shows on its face that it was issued to James Gould pursuant to said contract with him for the funding of the indebtedness of the county. It was also alleged in the answer that the act of the Legislature under which the warrant in question was issued is unconstitutional and void.

The plaintiff filed a general demurrer to the answer and also specifically demurred to that part of his answer which alleged that Act 158, of the Acts of 1917, was unconstitutional.

The circuit court was of the opinion that section 8 of Act 158, being a special act regulating the payment and issuance of warrants by Garland County, was unconstitutional and thereupon overruled the demurrer to the second paragraph of the answer. It appearing that the warrant attached to the petition for mandamus was issued under the provisions of this section, the court dismissed the petition for mandamus at the cost of the plaintiff. The case is here on appeal.

HART, J., (after stating the facts). This appeal involves the constitutionality of section 8 of the Act 158 of the Acts of 1917. Acts of Ark. 1917, vol. 1, p. 846. Section 8 reads as follows:

"The county judge of said county is authorized to pay to brokers or agents for their services in funding outstanding warrants by the taking up of same and the issuance therefor of warrants payable in the future at a fixed date a sum in money or in warrants, not to exceed the equivalent of 7 per cent. per annum for the time the refunding warrants shall run from date thereof until time fixed in said warrants for payment."

It is claimed that the act is in violation of section 1, article 16 of the Constitution of 1874, which reads as follows:

"Neither the State nor any city, county, town or other municipality in this State shall ever loan its credit for any purpose whatever; nor shall any county, city, town or municipality ever issue any interest-bearing evidences of indebtedness, except such bonds as may be authorized by law to provide for and secure the payment of the present existing indebtedness, and the State shall never issue any interest-bearing treasury warrants or scrip."

In *Quinn* v. *Reed,* 130 Ark. 116, 197 S. W. 15, the court, in construing this section of the Constitution, held that the county court had no power to enter into separate contracts for the payment of interest. The court said that the county court exceeds its power when it undertakes to issue warrants or other evidences of indebtedness in any form for the payment of interest for future forbearance. There the statute which was held to be unconstitutional provided that the county court of Pulaski County might call in its warrants for reissuance payable to bearer at a future date, and that the county court, "is authorized to pay to the parties, accepting any of said reissued warrants payable at a future date a fair sum, representing the value of their indebtedness in waiting for payment at such future date, such price to be paid either in money or warrants, but not to exceed the equivalent of 6 per cent. per annum for the time for which said indulgence is granted."

An attempt is made by counsel to distinguish section 8 of the act under consideration and the Pulaski County act. It is evident from reading them that each of them has for its object and purpose the payment of a sum of money to the holders of the warrants, or to some one else, for their forbearance in presenting the warrants to the county treasurer. County warrants are orders on the county treasurer to pay certain moneys on account of the county. This is the usual form in which all public debts are paid. When the act in question is considered in its entirety, it is evident that section 8 is an attempt to pay the holders of county warrants a sum equal to a stipulated rate of interest for their forbearance in presenting warrants for payment. We think there is no material difference between the section of the statute under consideration and the Pulaski County act, which was held to be in contravention of the section of the Constitution above quoted.

It may not be inappropriate to state here that section 4 of the act under consideration provides that no county warrants hereafter issued by said county shall be receivable for taxes, nor in payment of any fines, penalty or forfeiture, but shall be payable only in the current money of the United States. Section 10, article 16 of the Constitution of 1874, provides that the taxes of counties, towns and cities are only to be payable in local currency of the United States, or the orders or warrants of said counties, towns and cities respectively. So it will be seen that section 4 of the act under consideration contravenes this clause of the Constitution. See *Stillwell v. Jackson,* 77 Ark. 250.

Therefore, the judgment will be affirmed.