## AMERICAN LA-FRANCE & FOAMITE CORPORATION v. CITY OF EL DORADO.

No. 10417.

Circuit Court of Appeals, Eighth Circuit.

Feb. 3, 1936.

Charles E. Wright, of El Dorado, Ark. (Robert C. Knox, of El Dorado, Ark., on the brief), for appellant.

John Carroll, of El Dorado, Ark., for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This is an action brought by appellant as plaintiff to recover of appellee on two promissory notes. The parties will be referred to as they appeared below.

It is alleged in the complaint that defendant is a municipal corporation organized under the laws of the state of Arkansas, and that on the 18th of June, 1926, it purchased from plaintiff certain fire fighting apparatus and equipment; that the total purchase price was the sum of $14,262.52, of which $2,030 was paid at the time of the delivery of the equipment, and the balance of the purchase price was represented by four promissory notes, payable at different dates, as set out in the complaint; that the first two notes were paid, but the other two, one payable January 15, 1930, and the other payable January 15, 1931, had not been paid "either in principal or interest, and that there is now due and payable thereon in principal and interest the sum of $8,018.33." Copies of the notes were attached to the complaint, and plaintiff asked judgment for the sum of $8,018.33, which included interest calculated from the maturity dates of the notes to the date of bringing suit. It also asked for interest from the date of the filing of the complaint at the rate of 6 per cent. The notes in form bear interest from maturity at 6 per cent.

The answer challenged the validity of the contract for the purchase of the fire equipment, likewise challenged the validity of the notes sued upon, and then pleaded that "in the event the contracts sued upon herein are found to be valid, that in no event is defendant liable for interest thereon for the reason that it is an action on a promissory note, and defendant is a municipal corporation and not chargeable with interest on a promissory note, under article 16, § 1, Constitution of the State of Arkansas."

On the day of trial, plaintiff, on leave of court, filed an amendment to its complaint, so as to allege that each of the promissory notes had been duly presented to the defendant on the due date thereof, and payment thereof demanded and refused. On stipulation of the parties the action was tried to the court without a jury. The court found that defendant was indebted to plaintiff in the sum of $6,431.26, being the aggregate of the principal of said two notes; found as a

fact that demand was made upon defendant for the payment of both of the promissory notes in the month of January, 1932, and was repeatedly made thereafter, but that no demand for the payment of either of said notes was made before that time; concluded as a matter of law that plaintiff was entitled to recover judgment for the amount of said notes, but without interest thereon, and entered judgment accordingly.

Plaintiff appeals from the judgment, though in its favor, and asks reversal on the ground that (1) the court erred in holding that no demand was made on defendant for payment of the promissory notes in suit on their respective due dates, January 15, 1930, and January 15, 1931; (2) that the court erred in holding that plaintiff was not entitled to recover damages in the form of interest on the notes from the date of their respective maturities.

Article 16, § 1, of the Constitution of Arkansas is as follows:

"Neither the State nor any city, county, town or other municipality in this State shall ever loan its credit for any purpose whatever; nor shall any county, city, town or municipality ever issue any interest-bearing evidences of indebtedness, except such bonds as may be authorized by law to provide for and secure the payment of the present existing indebtedness, and the State shall never issue any interest-bearing treasury warrants or scrip."

■ It is conceded by plaintiff that under the above-quoted constitutional provision of Arkansas, defendant was prohibited from issuing any interest-bearing evidences of indebtedness, and it is conceded by counsel on either side that the provision for interest in these notes should, under the decisions of the Supreme Court of Arkansas, be treated as surplusage. City of Forrest City v. Bank of Forrest City, 116 Ark. 377, 172 S.W. 1148; Bourland v. First National Bank Bldg. Co., 152 Ark. 139, 237 S.W. 681, 684; Bank of Commerce v. Huddleston, 172 Ark. 999, 291 S.W. 422, 50 A.L.R. 1202.

■ It is, however, earnestly contended by plaintiff that notwithstanding the fact that it was not entitled to recover interest by virtue of the terms of these notes, yet it was entitled to interest by way of damages for the breach of these contracts. Reference to the complaint discloses that plaintiff thereby sought to recover interest by virtue of the terms of the promissory notes, and not by way of damages. Thus, although the aggregate of the principal amount due on these two notes amounted to $6,431.26, plaintiff alleged that there was "due and payable thereon in interest and principal the sum of $8,018.-33," and it asked judgment for that amount with interest from the date of the filing of the complaint. This clearly was asserting a right to recover interest by virtue of the terms of the contracts, and not as an award by way of damages for breach of the contracts. Gazette Publishing Co. v. Cole, 164 Ark. 542, 262 S.W. 985. In other words, the action was brought to recover on the contracts, and not to recover for damages for alleged breach of the contracts.

■ As has been observed, on the day of trial, plaintiff filed an amendment to its complaint so as to allege demand of payment on the due dates of the notes, and it is claimed that this allegation was not put in issue by the answer. Plaintiff did not, however, rely upon the alleged failure of defendant to take issue with this allegation, but attempted to make proof as to this alleged demand, and from the evidence submitted, the court found that such demands had not been made. The court was convinced that plaintiff itself proved that the allegations of its complaint were untrue. This finding of the court is challenged on this appeal. The only proof offered in support of this allegation was proof of certain bank records, indicating that the notes, at the dates of maturity, had been received by the bank at which by their terms they were payable. There was no presentation to or demand made upon the mayor of defendant or any other city official. It is the contention of plaintiff that the presentation of the notes at the bank where by their terms they were made payable, was a sufficient demand. Doubtless, if the purpose of the demand were to hold indorsers thereon, this contention might well be sustained; but the purpose of the demand was to charge the defendant with damages for failure to comply with these contracts. For this purpose, we think the presentation and demand were wholly insufficient.

■ The Supreme Court of Arkansas has consistently construed this provision of the Constitution so as to make it effective in

substance as well as in form. In Bourland v. First National Bank Bldg. Co., supra, the city of Fort Smith entered into a contract with a bank, agreeing to pay a certain rate of interest on loans from the bank to the city. In speaking of this section of the Constitution, the court said:

"This provision was evidently intended to protect the people from disasters which might result from the abuse of the public credit. The court in construing the provision has held that a municipal corporation cannot issue interest-bearing evidences of indebtedness. City of Forrest City v. Bank of Forrest City, 116 Ark. 377, 172 S.W. 1148. It would be equally true that it could not make a legal and binding contract by which it agreed to pay interest on its indebtedness. Such a contract would also come within the prohibition of the section of the Constitution." In Bank of Commerce v. Huddleston, supra, the city issued warrants in part payment for a water and light plant. There was no interest-bearing provision in the warrants. They were not paid when due, and warrants were reissued from time to time for the face value of the original warrants and the accumulated interest. The warrants in suit were made up of some $11,020 as principal, and about $17,000 accumulated interest that had been embodied therein. The warrants in suit did not bear interest. The Supreme Court held that plaintiff was entitled to judgment for the original principal sum of the warrants, but denied recovery for all the amounts of interest embodied therein.

In Quinn v. Reed, 130 Ark. 116, 197 S.W. 15, 16, a taxpayer brought suit to enjoin the reissuing of county warrants and the issuing of separate warrants for the payment of interest for forbearance until a future date. An act of the state Legislature purported to authorize such proceeding. In holding the act unconstitutional, the Supreme Court said:

"If the proceeding now under consideration is permissible under the Constitution, it amounts to no less than the issuance of separate evidences of indebtedness to cover interest. * * * The language just quoted is a clear recognition by the court of the construction of the Constitution which prohibits counties and municipalities from issuing evidences of indebtedness constituting a contract for the payment of interest *whether the interest appears on the face of the contract or otherwise.* [Italics supplied.] We hold now that that is what the framers of the Constitution meant, and that the county court exceeds its power when it undertakes to issue warrants or other evidences of indebtedness in any form for the payment of interest for future forbearance."

To the same effect, see Harriman National Bank v. Pope County, 173 Ark. 243, 292 S.W. 379; Gould v. Davis, 133 Ark. 90, 202 S.W. 37; McKinney v. First National Bank, 152 Ark. 403, 238 S.W. 629.

Having in mind the purpose of the constitutional inhibition, as construed by the Supreme Court of Arkansas, whose decisions construing the Arkansas Constitution are binding upon us, we are of the view that on the merits the plaintiff was not entitled to recover interest, even had it sued to recover damages for a breach of these contracts.

The judgment appealed from is therefore affirmed.