The Honorable Jim Hudson Prosecuting Attorney Miller County Courthouse Texarkana, AR 75502
Dear Mr. Hudson:
This is in response to your request for an opinion regarding the disposition of hospital account revenues and other surplus miscellaneous non-tax funds remaining in the accounts following closure of the Lafayette County Memorial Hospital. You have posed the following question in this regard:
 May the Quorum Court commit funds for the operation of a rural health clinic from the hospital accounts described on page four of your Opinion No. 89-117 without a vote of the general population, or should the voters of Lafayette County be given the option to divert the hospital funds to the operation of the rural health clinic or some other distribution?
I have enclosed several opinions which explore issues that could, in my opinion, arise in the context of a county's commitment of funds to a privately operated rural health clinic. (Opinion Numbers 88-114 and 86-198, enclosed.) Such a commitment may raise questions under Article 12, Section 5 of the Arkansas Constitution which prohibits a county's appropriation of money for "any corporation, association, institution, or individual."
The factual nature of your question, as well as the lack of clear precedent in this area, preclude a conclusive determination of the issue. If the entity in question is of the same nature as that contemplated in Bourland v. Pollock, 157 Ark. 538, 249 S.W. 360
(1923) (see Opinion No. 88-114), it may be concluded that a grant of funds would be appropriate. Bourland, and cases following where alleged violations of Article 12, 5 were rejected, generally involve appropriations to charitable organizations or quasi governmental agencies performing governmental work. See, e.g., Neel v. City of Little Rock, 204 Ark. 568, 163 S.W.2d 525 (1942); Bank of Commerce v. Huddleston, 172 Ark. 999, 291 S.W. 422 (1927); City of Paris v. Street Imp. Dist. No. 2, 206 Ark. 926, 175 S.W.2d 199
(1943). In several other cases, it was determined that there was no appropriation of money for purposes of Article 12, 5; rather, the transaction in question was held to involve either a disposition of public property for adequate consideration (Little Rock Chamber of Commerce v. Pulaski County, 113 Ark. 439,168 S.W. 848 (1914), or the retention by the county of control, ownership, and use of facilities to be constructed with the public funds (Gordon v. Woodruff County, 217 Ark. 653, 232 S.W.2d 832 (1950)).
It will not be presumed that there was an intent to violate Article 12, Section 5 in connection with any given expenditure. See Gordon v. Woodruff County, 217 Ark. at 654. All of the particular facts and circumstances surrounding the appropriation must be considered. In my opinion, however, a direct grant of funds in this instance, in the absence of other factors or elements as noted above, may give rise to a constitutional challenge.
With regard to a vote on the issue, it must be recognized that no local legislation may be enacted contrary to the constitution or any general state law. See Const. Ark., Amend. 7. Thus, a vote by the people of Lafayette County would not validate an otherwise unlawful expenditure.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.