The Honorable George Hopkins State Senator 78 Harver Hills Malvern, Arkansas 72104
Dear Senator Hopkins:
This is in response to your request for an opinion on nine questions involving a proposal to levy a half-cent sales and use tax in the City of Malvern, the proceeds of which will be used to purchase land, which will be leased to the Ouachita Technical College, and upon which the City will build a public education facility for the use of the Technical College, and in consideration of which the College will allow City use of the facilities.
Preparatory to your first two questions you note that the College has asked the City to proceed with a sales and use tax election under A.C.A. 26-75-201 et seq. You indicate that this subchapter defines "capital improvements of a public nature" to include, among other things, "public education facilities." Your first two questions relate to this language and are as follows:
 1. Whether Ouachita Technical College is a public education institution.
 2. Whether a capital improvement of a public nature may include a City of Malvern owned public education facility on Ouachita Technical College's campus?
The determination of these questions, posed in light of A.C.A.26-75-201 et seq. becomes unnecessary in light of A.C.A.6-53-207(e) (Cum. Supp. 1993) which provides that:
 Revenues derived from any local sales and use tax levied under 26-74-201 et seq., 26-74-301 et seq., 26-75-201 et seq., or 26-75-301 et seq., may be used to finance capital outlay expenses for institutions of higher education.
It is unnecessary to construe the definitions of "capital improvements of a public nature" and "public education facilities" under A.C.A. 26-75-201 et seq., because the statute above expresses a clear legislative intent that taxes levied under that subchapter may be used to finance "capital outlay expenses for institutions of higher education." The phrase "capital outlay expenses" is defined at A.C.A. 6-53-103(2) (Cum. Supp. 1993) and includes funds required to purchase land and construct buildings. Additionally, a technical college is defined as an "institution of higher education." See A.C.A. 6-53-103(14). See also Op. Att'y Gen. 93-053.
It is my opinion, therefore, in general response to your first two questions, that city sales tax dollars levied under A.C.A.26-75-201 et seq., may be used to finance the construction of this improvement.
Your third question involves art. 12, 5 of the Arkansas Constitution which provides:
 No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual.
Your third question is whether the sales and use tax proposal outlined above would violate this constitutional provision. It is my opinion that the answer to this question is "no." This office has previously concluded that this constitutional provision does not operate as a bar when the recipient of the funds is a public rather than a private entity. See Op. Att'y Gen. 92-250 (copy enclosed); Op. Att'y Gen. 93-070, n. 2 (copy enclosed); City of Paris v. Street Imp. District No. 2, 206 Ark. 926, 175 S.W.2d 199
(1943); and Bank of Commerce v. Huddleston, 172 Ark. 999,291 S.W. 422 (1927).
Your fourth question is whether any other constitutional or legal prohibition exists that directly prohibits the City and the College from entering into the proposal outlined above.
In answer to this question, I have found, with regard to the facts presented, no such direct prohibition. Cities have the general authority to purchase land and to lease such land. See A.C.A. 14-54-302 (1987). The adequacy of the consideration for such a lease is a question of fact, but it has been held that "public advantage" constitutes consideration. See Op. Att'y Gen.93-070 and City of Blytheville v. Parks, 221 Ark. 734,255 S.W.2d 962 (1953). Additionally, as noted above, the City has express statutory authority to use sales tax dollars to finance capital improvements of a technical college.
One remaining issue in this regard, however, deserves discussion. In the documents attached to your request is a letter which indicates that the City of Malvern already has levied a one cent sales tax under the provisions of A.C.A. 26-75-201 et seq. A question has therefore been raised as to whether the City has the authority to levy any additional sales tax which could be used for the purposes of the proposal. It should be noted in this regard that this office recently cited to language of the General Assembly which indicates that a city may levy one cent of sales and use tax under A.C.A. 26-75-201 et seq., and also a one cent sales and use tax under A.C.A. 26-75-301 et seq. See Op. Att'y Gen. 93-078 (copy enclosed), citing A.C.A. 14-164-338(d) (Cum. Supp. 1993). This opinion noted that the evidence of legislative intent expressed in A.C.A. 14-164-338(d) required a change in what had been the prior administrative interpretation of the law, that these two subchapters referred to only one cent sales and use tax. Although we do not yet have the benefit of an Arkansas Supreme Court decision on the question, in my opinion the City could levy an additional cent (or fraction thereof) under the provisions of A.C.A. 26-75-301 et seq., if it has already levied a one cent sales tax under A.C.A. 26-75-201 et seq.
You indicate, with regard to your fifth question, that an issue has been raised locally that perhaps the county voters should also be involved in this issue. Your fifth question is therefore:
 Whether a sales and use tax is prohibited from being proposed at the municipal level rather than the county level in order to build a public education facility on a technical college campus?
It is my opinion that there is no requirement in this regard. Although the legislature in 1993 passed a law which gave counties express statutory authority to use sales and use tax monies to finance capital improvements or maintenance and operation of technical colleges, (see A.C.A. 6-53-307 (Cum. Supp. 1993)), this act in my opinion does not repeal or negate in any way the authority granted municipalities under A.C.A. 6-53-207(e) to use sales and use tax monies to finance "capital outlay expenditures" of such colleges.
Your sixth question again refers to Arkansas Constitution, art. 12, 5 and is as follows:
 If a county provides funds to a technical college through a county sales and use tax following the provision of A.C.A. 6-53-307, then how does such an appropriation comply with Article 12, Section 5 of the Arkansas Constitution?
As stated previously, such an appropriation would comply with the provision because the recipient is a public rather than a private entity. See again, Op. Att'y Gen. 92-250.
Your seventh and eighth questions, which inquire, assuming that the proposal is unconstitutional or illegal, whether there is any way to legally and constitutionally use county or city sales tax for the proposal, are rendered moot by the answers given above.
Your ninth question is as follows:
 Whether a city council member or quorum court member may be held personally liable if in good faith they appropriate money to a technical college or build a building as proposed in Malvern and subsequently a court disallows the expenditure as unconstitutional?
In my opinion no personal liability would attach in such instance. Section 21-9-301 (Cum. Supp. 1993) of the Arkansas Code provides that:
 It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts and all other political subdivisions of the state shall be immune from liability and from suit for damages, except to the extent that they may be covered by liability insurance. No tort action shall lie against any such political subdivision because of the acts of its agents and employees.
It has been stated that the intent of this section was to grant immunity to municipal agents and employees for acts of negligence committed in their official capacities. See Autry v. Lawrence,286 Ark. 501, 696 S.W.2d 315 (1986). It is unclear the extent to which this statutory immunity would apply to a potential "illegal exaction" suit, which is the most likely form of action an opponent would choose to challenge an unlawful or unconstitutional tax. Such actions are usually brought against the municipal entity itself, and not against the individual council members. In any event, it has been held that council members in their individual capacities are entitled to absolute immunity from damages when functioning in their legislative capacities, as is the case here. See Taylor v. Cockran,644 F.Supp. 753 (E.D. Ark. 1986). In short, I can foresee no potential personal liability of directors, even in the unlikely event that the tax levy was held unconstitutional.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh Enclosures