## Marion County *v.* Estes.

### Opinion delivered July 2, 1906.

1. CIRCUIT COURT—APPEAL FROM COUNTY COURT.—Appeals are allowed to the circuit court from all final orders and judgments of the county court, and on such appeals the circuit court proceeds to try such cases *de novo* as other cases at law. (Page 505.)

2. APPEAL—CONCLUSIVENESS OF FINDING OF COURT.—Under Kirby's Digest, § 4402, providing that the county court may fix a reasonable compensation to the jailer for feeding the county prisoners, a finding of the circuit court, on appeal from the county court, that seventy-five cents per diem was a reasonable compensation therefor will not be disturbed on appeal therefrom if based upon legally sufficient evidence. (Page 505.)

Appeal from Marion Circuit Court; *E. G. Mitchell,* Judge; affirmed.

*Woods Bros.,* for appellant.

The evidence fully shows that the county court did not abuse its discretion in fixing the compensation of the jailer, and that the allowance was equal to the value of the services rendered. Kirby's Digest, § § 3399, 4402, 1375, 1452, 1453, 1454, 3518; 64 Ark. 162; 47 Ark. 80; 44 Ark. 437; 34 Ark. 395.

McCulloch, J. Appellee, H. R. Estes, was jailer of Marion County, and this is a controversy as to the amount of his compensation chargeable against the county for feeding prisoners. He presented an account claiming 75 cents per day for feeding each prisoner, but the county court allowed only fifty cents per day. He appealed to the circuit court, where, on conflicting testimony as to reasonable compensation, the amount claimed was allowed him. Judgment was entered accordingly, and the county appealed.

The statute provides that "whenever any person committed to jail upon any criminal process, under any law of this State, shall declare on oath that he is unable to buy or procure necessary food, the sheriff or jailer shall provide such prisoner the food necessary for his support, for which he shall be allowed a reasonable compensation, to be fixed by the county court." Kirby's Digest, § 4402.

Appeals are allowed from all final orders and judgments of the county court to the circuit court (Kirby's Digest, § 1487), and on such appeals the circuit court proceeds to try the case *de novo* as other cases at law. Kirby's Digest, § 1492; *Phillips County* v. *Lee County,* 34 Ark. 240; *Dodson* v. *Fort Smith,* 33 Ark. 508; Ex parte *Levy,* 43 Ark. 42; *Freeman* v. *Lazarus,* 61 Ark. 247.

The evidence was conflicting, but the findings and judgment of the circuit court are sustained by evidence legally sufficient, and we do not feel at liberty to disturb them.

Affirmed.