## CLAY COUNTY *v.* THORNTON.

### Opinion delivered May 10, 1909.

1. CORONER'S INQUEST—PHYSICIAN'S FEES—LIABILITY OF COUNTY.—Physicians who conducted a *post mortem* examination under the directions of the acting coroner will not be deprived of compensation therefor because the coroner failed to swear the jury in the presence of the dead body, and to require that they view the body before holding the inquest. (Page 374.)

2. APPEAL AND ERROR—CONCLUSIVENESS OF COURT'S FINDING.—A finding of the circuit court, on appeal from the county court, that the services of several physicians at an inquest were necessary to ascertain whether deceased had been foully dealt with and that the fees charged were reasonable will not be set aside if based on legally sufficient evidence. (Page 374.)

Appeal from Clay Circuit Court, Eastern District; *Frank Smith,* Judge; affirmed.

*Hal. L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellant; *Lafayette Hunter,* of counsel.

1. No legal inquest can be held unless the coroner or justice acting as such swears and impanels the jury in the presence of the dead body, and coroner. and jury together view it; and where the requirements of the statute are not complied with, the

county is not liable for the expense of holding the inquest.    Kirby's Dig., § .§ 794, 795, 796, 797; 9 Cyc. 988.

2.    The duty of the county court to carefully examine all claims for allowance against the county and to reject all found to be illegal applies to claims of physicians for holding autopsies on dead bodies as well as to any other claims.    If the autopsy is found to have been unnecessary, the claim should be rejected. 52 Ark. 361; 55 Ark. 419; 21 L. R. A. 394; 82 Mo. 486.

3.    The law makes no provision for calling in more than one physician to assist in holding an autopsy.

4.    Where an autopsy is necessary in order to ascertain the cause of the death and an examination and testimony of a physician not necessary to that end, the county is not liable.    60 Ark. 204; 64 Ark. 139.

*R. H. Dudley,* for appellee.

1.    The real cause of the death being unknown, and it being necessary to hold an inquest in order to determine whether or not a crime had been committed, the justice of the peace, acting as coroner, properly impaneled a jury for that purpose, and properly summoned physicians, since their assistance was necessary in order to arrive at a true conclusion as to the cause of the death.    Kirby's Dig., § § 822, 794 to 807; 55 Ark. 419; 64 Ark. 139; 65 Ark. 557; 100 Pa. 624.

2.    If the services of three physicians were not necessary, nevertheless appellees, having been summoned and having performed the work required of them, are entitled to the fee charged unless it affirmatively appears that it was unreasonable.

HART, J.    E. W. Thornton and W. B. Wooldridge, physicians, each filed a claim against Clay County for the sum of $25.00 for professional services rendered in holding a *post mortem* examination at an inquest upon the body of a young lady, who died at a hotel in the town of Piggott in Clay County, Arkansas, in July, 1907.    The coroner resides more than 20 miles from the place where the dead body was found, and, in compliance with section 822 of Kirby's Digest, the inquisition was held by W. W. Pollard, the nearest justice of the peace, and by his direction E. W. Thornton and W. B. Wooldridge, practicing physicians, assisted Dr. Dickson in making an autopsy for the pur-

pose of ascertaining the cause of the death of the young woman.

On the 15th day of October, 1907, each presented his claim to the county court for allowance. The claims being disallowed, each prosecuted an appeal to the circuit court.

The cases were consolidated and were tried together before the court sitting as a jury.

Upon a trial *de novo,* the circuit court found "that said plaintiffs made said *post mortem* examination after having been summoned, and by orders and instructions of W. W. Pollard, a justice of the peace of said county, acting in the absence of the regular coroner, who resided more than 20 miles from where the death of the said Miss Casey occurred."

The court further found from the evidence "that at the time said *post mortem* examination was had it was necessary to ascertain the real cause of the death of said Miss Casey, and that the sums charged by plaintiffs are reasonable fees for such services," and, thereupon rendered judgment against the county in favor of the claimants. Clay County has duly prosecuted an appeal to this court.

Counsel for appellant says that the jurors were not sworn in the immediate presence of the dead body, as is contemplated by section 796 of Kirby's Digest; and that they did not together view the dead body before holding the inquest, as provided by section 797. They contend that, because of the failure of the coroner to comply with the literal terms of the statute in this respect, the allowance to the surgeons for making the autopsy was not valid.

This was a matter of procedure that addressed itself to the acting coroner, and did not render an act done by the surgeons in good faith under the directions of the acting coroner unlawful. 9 Cyc. 988.

Counsel for appellant also contend that the acting coroner exceeded his powers in employing and directing more than one physician to make the autopsy; and that therefore the county is not liable. In the case of *St. Francis County* v. *Cummings,* 55 Ark. 419, it was held: "If necessary to ascertain the truth concerning the death of a person over whose body he is required to hold an inquest, a coroner is authorized to employ a physician to make an autopsy, and the county is liable for a reasonable compensation

therefor." The reason for the rule is that an examination aided by medical skill is necessary to a proper administration of justice. It is better both for the person suspected of having committed the crime and for the people. A thorough examination would put an end to groundless suspicions, and make more certain that a guilty person should not be turned loose upon society.

Here the county court disallowed the claims. "Appeals are allowed to the circuit court from all final orders and judgments of the county court, and on such appeals the circuit court proceeds to try such cases *de novo* as other cases at law." *Marion County* v. *Estes,* 79 Ark. 504. Pursuant to this power, this case was tried in the circuit court. The presiding judge found from the evidence that the services of the claimants were necessary to ascertain whether the circumstances of her death indicated that the young woman had been foully dealt with; and that the fees charged were reasonable.

Without reviewing the evidence, it is only necessary to add that "the findings and judgment of the circuit court are sustained by evidence legally sufficient, and we do not feel at liberty to disturb them." *Marion County* v. *Estes, supra.*

Finding no prejudicial error in the record, the judgment is affirmed.