HARRIMAN NATIONAL BANK *v.* POPE COUNTY.

Opinion delivered March 14, 1927.

1.   COUNTIES—WARRANTS NOT NEGOTIABLE.—County warrants are evidences of the indebtedness of a county, being orders on the county treasurer to pay out of county funds, but are not negotiable instruments in the sense of the law merchant, and the transferee takes them subject to defenses existing in the hands of the payee.

2.   COUNTIES—EFFECT OF CANCELLATION AND REISSUANCE.—Since county warrants are not negotiable instruments, the cancellation of warrants originally issued and substitution of others therefor do not change their character.

3.   COUNTIES—FACE OF WARRANT AS NOTICE.—The face of a county warrant is notice to the holder that its validity depends upon the validity of its issue.

4.   COUNTIES—EFFECT OF ALLOWANCE OF CLAIMS.—A county court, in the allowance of claims against the county, acts judicially, and its judgments are not open to collateral attack except for fraud or lack of jurisdiction.

5.   COUNTIES—WARRANTS IN PAYMENT OF INTEREST.—County warrants issued in payment of interest on debts of the county, evidenced by county warrants, were issued contrary to Const., art. 16, § 1, prohibiting issuance of interest-bearing evidences of debt, and were illegal and void.

6.   COUNTIES—WARRANTS—INNOCENT HOLDER.—There can be no innocent holder of paper issued by a county in violation of law, or where the county was without power to issue it.

Appeal from Pope Circuit Court; *J. T. Bullock,* Judge; affirmed.

#### STATEMENT OF FACTS.

Pursuant to an order of the county court of Pope County, calling in all outstanding warrants for reissuance, the Harriman National Bank presented county warrants Nos. 47 and 48, each for the sum of $1,000, for reissuance. These warrants were disallowed and ordered canceled by the county court, and the Harriman National Bank duly prosecuted an appeal to the circuit court.

According to the testimony of the county judge of Pope County, holders of county warrants of Pope County, of the face value of $48,000, presented the same to the county court to be reissued on November 2, 1923. Forty-

five' thousand dollars of these warrants were reissued by the county court as being valid claims against the county. Warrants of the face value of $3,000 were ordered canceled on the ground that they had been illegally issued in the first place. Warrants in the sum of $3,000 had been issued as a payment of interest for one year on the warrants of the face value of $45,000 which had been legally issued. The warrants for $2,000 involved in this suit are a part of the warrants issued for interest on the $45,000 indebtedness of Pope County. The warrants in question are Nos. 47 and 48, and the county judge knew that they were two of the warrants given as a payment of interest on the $45,000 indebtedness.

The circuit court found the facts substantially as above stated, and held that the county was not liable. Judgment was accordingly rendered in favor of the county, and the claim of the Harriman National Bank was dismissed. To reverse that judgment the Harriman National Bank has duly prosecuted an appeal to this court.

*Abner McGehee,* for appellant.

*Hays, Priddy & Rorex,* for appellee.

HART, C. J., (after stating the facts). The judgment of the circuit court was correct. Under article 16, § 1, of our Constitution, counties are expressly prohibited from issuing any interest-bearing evidence of indebtedness except in certain cases which are not necessary to a decision of the issues raised by the present appeal. County warrants are evidences of the indebtedness of a county. They are orders upon the treasurer of the county to pay out of its funds for county purposes, not otherwise appropriated, the amount specified. They are not negotiable instruments in the sense of the law merchant, and the transferee takes them subject to all legal and equitable defenses which exist to them in the hands of such payee. The cancellation of the warrants originally issued and the substitution of others in their place does not change their character. The face of the warrant is notice to the

holder that its validity depends upon the legality of its issue. *Vale* v. *Buchanan*, 98 Ark. 299, 135 S. W. 848; *Wall* v. *Monroe County*, 103 U. S. 74; and *Bank of Commerce* v. *Huddleston*, 172 Ark. 199, 291 S. W. 422. This court has also held that a county court, in the allowance of claims against the county, acts judicially, and its judgments are not open to collateral attack, except for fraud or lack of jurisdiction. *Monroe County* v. *Brown*, 118 Ark. 524, 177 S. W. 40.

The circuit court was justified, under the evidence adduced, in finding that the warrants· involved in this appeal were issued in payment of interest on the $45,000 indebtedness of the county, evidenced by county warrants. The warrants in question were therefore issued in contravention of the section of the Constitution above referred to, and were illegal and void. Under the authorities cited there can be no innocent holder of paper issued by a county without power or in violation of law. The reason for the rule is that counties derive all their powers from public law, and persons taking their paper must, at their peril, ascertain the extent of their contracting powers and the limitations upon them.

The result of our views is that the warrants in question were illegal and void, and the circuit court properly sustained the judgment of the county court refusing to reissue them. The judgment will therefore be affirmed.