FULTON COUNTY *v.* BARHAM.

Opinion delivered April 14, 1930.

*Northcutt & Northcutt* and *Shields M. Goodwin,* for appellant.

*Oscar E. Ellis,* for appellees.

McHANEY, J. In August, 1926, appellees, Barham, Martin and Worthington, filed separate claims against appellant for damages alleged to have been sustained by

them by reason of the construction of State Highway No. 11 through their respective farms. Barham's claim was for $659.17, Martin's for $435.97, and Worthington's for $1,229.06, and each claim was for all damage sustained including land taken, damage to land not taken, fencing, labor, fruit trees, crops, etc. In October, 1927, after the road was completed and fences constructed, the county court appointed viewers to view the premises, and assess such damages as appellees had sustained, which they did, and made report to the court that Barham was damaged $50, Martin $50 and Worthington $100. An order was then made directing the clerk to draw warrants on the treasurer in these amounts, payable to the respective parties. The warrants were so drawn, delivered to and cashed by the appellees. No formal order was at that time made disallowing the balance of the claims as filed, but on December 31, 1928, the claims were disallowed, and no order entered. On April 1, 1929, the county court entered an order *nunc pro tunc* as of December 31, 1928, disallowing each claim, from which appellees appealed to the circuit court. A trial there resulted in verdicts and judgments against the county as follows: Barham, $193.20; Martin, $130; Worthington, $380, which amounts included costs advanced by each. This appeal challenges the correctness of these judgments.

The county defended on the ground among others that the claims had been adjudicated by the county court in October, 1927, by an allowance and payment in the sums heretofore stated, from which there was no appeal, and that the claimants were then barred from prosecuting the appeals, and moved to dismiss the appeals for this reason. We think appellant county is correct in this contention. As before stated, the claims were filed in August, 1926, were allowed in part in October, 1927, and paid in the sums allowed. The allowance in the sums stated was tantamount to a disallowance or rejection of the balance of the claim, from which an appeal should have been taken if claimants were not satisfied. A simi-

lar situation existed in *Farmer* v. *Franklin County,* 179 Ark. 373, 16 S. W. (2d) 10. It was there stated that: ''It is the settled rule in this State that county courts act judicially in the allowance or disallowance of claims against the county,'' and it was further held that where a claim is presented and allowed in a sum less than the claim, it is a final judgment, and operates as a disallowance or rejection of the balance claimed, from which an appeal lies to the circuit court. If no appeal is taken in the time prescribed by law, the claimant loses all rights to question the allowance thereafter. So here, when the county court allowed the claims in part, he disallowed and rejected the balance. No appeal having been taken from that order of allowance, appellees lost their rights in the premises.

The claims filed in August, 1926, were the only claims appellees had against the county, or ever filed against it, on this account. The appointment of viewers to assess the damages and the order of payment in the amounts stated necessarily referred to these claims, since there were no others. Appellees contend that the payments made to them covered additional dirt and additional right-of-way taken. But no additional claim was ever filed by either of them. It is difficult to perceive why the county court would appoint viewers to go out and assess damages to appellees for additional dirt and right-of-way taken, when no claim was filed for same, and when, at the same time, appellees had filed large claims for all kinds of damages growing out of the construction of said road. The conclusion is irresistible that the allowances made by the court had reference to the whole of appellees' claims as filed.

It necessarily follows that the court erred in entertaining these claims. The judgment in each case is therefore reversed, and the cause dismissed.

Justices HUMPHREYS and MEHAFFY think the judgment of the circuit court is correct, and that it should be affirmed.