E. A. Martin Machinery Company v. The First National Bank of Huntsville.

4-6715                                                161 S. W. 2d 6

Opinion delivered April 20, 1942.

*J. T. McGill,* for appellant.

*G. T. Sullins,* for appellee.

HUMPHREYS, J. This suit was brought by appellee in the circuit court of Madison county, Arkansas, against appellant to recover $1,183, with interest from June 15, 1940, at the rate of six per cent. per annum on three county warrants, Nos. 2203, 2207, and 2261, issued against the county road turn-back fund in payment of machinery sold by appellant to Madison county, which warrants were sold, indorsed and delivered by appellant to appellee for the amount sued for; and to recover $693.29, with interest at six per cent. per annum from June 15, 1940, on two county warrants, Nos. 2226 and 2313, issued against the county road turn-back fund in payment of machinery sold by appellant to appellee for the amount sued for, which warrants were sold and delivered without indorsement by appellant to appellee.

The first three warrants were set out verbatim with the indorsements in count number 1 and the other two warrants were set out verbatim in the second count of the complaint. The warrants on their face were payable to bearer and nothing on their face appeared to show that they were void or invalid. The complaint alleged that after the warrants were sold and delivered by appellant to appellee the county court canceled the warrants because they were issued in violation of Amendment No. 10 to the Constitution in that funds against which they were issued in 1940 had already been exhausted when the claims for the warrants were filed and the orders issuing them were void; that the order of the county

court canceling the warrants for that reason was rightfully made.

The complaint also alleged that the warrants were negotiable. This allegation of the complaint, however, was abandoned in the trial of the cause.

The complaint also alleged that the warrants could not be collected by suit against the county on account of their invalidity.

The complaint also alleged that appellee paid appellant when the first three warrants were delivered to it on June 15, 1940, $1,183 in cash, and that it paid appellant $693.29 in cash for the other two warrants.

The complaint also alleged that appellee demanded a return of its money and offered to return the warrants to appellant.

A demurrer was filed to the complaint on the ground that it did not state sufficient facts to constitute a cause of action against appellant.

The court overruled the demurrer to the complaint over the objection and exception of appellant, and appellant refusing to plead further and electing to stand on its demurrer, the court rendered judgment upon the first count in the complaint against appellant for the sum of $1,183, with interest from June 15, 1940, at six per cent. per annum, and on the second count the sum of $693.29, with interest from June 15, 1940, at six per cent. per annum, and for all costs expended by appellee.

To the ruling of the court in overruling the demurrer and rendering judgment in favor of appellee, the appellant excepted and prayed an appeal to this court.

No testimony was taken in the case so the only question involved in this appeal is whether appellee was entitled to recover the amount it paid appellant for the void warrants.

In the cases of *Harriman National Bank* v. *Pope County,* 173 Ark. 243, 292 S. W. 379, and *McGregor* v. *Miller,* 173 Ark. 459, 293 S. W. 30, this court ruled that county warrants were not negotiable instruments in the

sense of the law merchant, and that persons acquiring them take them with notice of the purpose for which they were issued and the order of the county court authorizing their issuance, but the suit in the instant case is predicated upon the sale and delivery of the void or invalid warrants which constituted no consideration at all for the money paid for them. In other words, appellee is asking that the money be refunded to it which it actually paid to appellant for worthless warrants. It is asking for a refund of the money it paid for three of the warrants not only because appellant sold and delivered them to it, but also indorsed them to it which was an absolute warranty by appellant that its title to them was good, and that they were genuine and that there was no legal defense to the collection of them growing out of its connection with the origin of the warrants; and for a refund of the money paid for the other two warrants on the sale and delivery of them to it under the implied warranty that its title to them was good, that they were genuine and that no legal defense existed to the collection growing out of its own connection with the origin of the warrants. Appellee paid out about $2,000 in cash in the purchase of the warrants, and there is nothing in the record indicating that either appellant or appellee knew that they were void or had any reason to suspect from the face of the warrants that they were invalid. It is conceded by the demurrer that the warrants were absolutely void and nothing could be recovered by appellant or appellee from Madison county. Appellant is responsible for their being issued and appellee had nothing whatever to do with them being issued and is not responsible in any sense for their being issued.

The general rule is laid down in § 250, 20 C. J. S., at p. 1148, as follows: "Where there is a failure of consideration for the transfer because of invalidity of the warrant or other reasons, the assignee may recover from the assignor."

In the case of *Sarah Rogers* v. *Walsh & Putnam*, 12 Nebr. 28, 10 N. W. 467, the Supreme Court had before it the exact question involved in the instant case and decided (quoting the syllabus) as follows:

"The plaintiff bought of the defendants what she supposed were, and what purported to be, the warrants of York county, but which having been issued by the county commissioners of that county, without authority of law, were void and of no value. Action to recover the price paid. Held, that the pretended warrants were not a valid consideration for the money paid therefor, and that the plaintiff was entitled to recover it back."

See, also, the case of *Kreutz* v. *Livingston, et al.,* 15 Cal. 344. The identical question involved in the instant case was involved in the case of *Milner* v. *Pelham,* 30 Idaho 594, 166 Pac. 574, and that court ruled, as reflected in syllabi 1 and 2, as follows: "1. Where one purchases county warrants from the payee thereof, which warrant issue is thereafter held by the district court, in a proper action, to be null and void, and the county treasurer enjoined from paying the same, and the order of the county commissioners, directing the auditor to issue the warrants, is reversed and vacated, there is a total failure of consideration from the seller of such warrants, since the purchaser did not in fact receive the county warrants he supposed he was buying, but only pieces of worthless paper.

"2. Whenever one party has in his possession money which in equity and good conscience belongs to another, the law raises a promise upon the part of the first party to repay such money."

The warrants in the instant case appeared on their face to be valid obligations of Madison county, but were in fact void at the time they were issued and for that reason appellee received nothing of value for the money it paid to appellant for the warrants, hence appellee is entitled to recover from appellant the money it paid for the worthless warrants.

No error appearing, the judgment is affirmed.

Mr. Justice GREENHAW disqualified and not participating.