

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

September 13, 1951

Hon. Buster Brown
Secretary
Texas Board of Pharmacy
Temple, Texas

Opinion No. V-1284

Re: Whether physicians or hospital or clinic dispensaries may dispense medications for a separate fee without a permit and without being or retaining a licensed pharmacist.

Dear Sir:

You have requested our opinion on the following questions pertaining to the Texas Pharmacy Act (Art. 4542a, V.C.S.), as amended by Senate Bill 268, Acts 52nd Leg., R.S. 1951, ch. 469, p. 824:

"1. May a physician dispense medication for which a separate fee from his professional services is charged and not be included under the licensing section of the law?

"2. Can the dispensary of a hospital or clinic furnish medication at a separate fee for persons not patients without hiring a pharmacist and obtaining a permit?

"3. Under terms of the fourth paragraph of Article 758a, Vernon's Penal Code, is not the dispensing of drugs limited to a licensed pharmacist whether the dispensary is a retail drug store or a hospital or clinic dispensary?"

Section 8 of Article 4542a as amended by Senate Bill 268, supra, provides:

"It shall be unlawful for any person who is not a registered pharmacist under the provisions of this Act to compound, mix, manufacture, combine, prepare, label, sell, or distribute at re-

tail or wholesale any drugs or medicines, except in original packages. Provided that all persons now registered as pharmacists in this State shall have all rights granted to pharmacists under this Act; provided, however, that nothing in this Act shall apply to or interfere with licensed practitioners of medicine, dentistry or chiropody, who is duly registered as such by his respective State Board of Examiners of this State and <u>no provision of this Act shall be construed to restrain them from operating or maintaining a dispensary, prescription laboratory or apothecary shop</u>; and provided further, that no provision of this Act shall be construed to restrain a bona fide hospital or clinic from operating a dispensary or apothecary shop in order to provide services to its patients. Provided further, that nothing contained in this Act shall be construed to prevent the personal administration of drugs and medicines carried by any physician, surgeon, dentist, chiropodist or veterinarian licensed by his respective Board of Examiners of this State, in order to supply the needs of his patients: nor to prevent the sale by persons, firms, joint stock companies, partnerships or corporations, other than registered pharmacists, of patent or proprietary medicines, or remedies and medicaments generally in use and which are harmless if used according to instructions as contained upon the printed label; and insecticides and fungicides and chemicals used in the arts, when properly labeled; nor insecticides or fungicides that are mixed or compounded for purely agricultural purposes." (Underscoring supplied.)

Prior to the above amendment, a physician could not operate a retail drug store or dispense medication for any person except his own patients unless he was a registered pharmacist himself or had one continually employed therein. However, the underscored provision of the Act as amended clearly authorizes a physician to dispense medication for

persons other than his patients. Since Section 8 of the Act provides that no provisions of the Act shall be construed to restrain physicians from operating a dispensary, prescription laboratory, or apothecary shop, it is our opinion that a physician cannot be required to obtain a pharmacist's license in order to dispense medications for which a fee separate from his professional services is charged. Any other construction would be contrary to the plain provisions of Section 8.

Sections 17 and 19. Article 4542a, V.C.S., as amended, provide:

"Section 17. Every person, firm, joint stock company, partnership or corporation desiring to operate a retail pharmacy, drug store, dispensary, or apothecary shop in this State, as the same is defined herein; and every manufacturer of drugs and medicines, as defined herein, after the passage of this Act, shall procure from the State Board of Pharmacy a permit for each store or factory to be operated by making an application to the Board, upon a form to be furnished by the Board, setting forth under oath ownership and location, and the name and certificate number of the pharmacist registered in this State who is to be continually employed by the drug store or pharmacy, or the pharmaceutical chemist or chemist qualified by scientific training, who is to be employed by the factory or manufacturer; provided that the Board may in its discretion refuse to issue such permit to such applicant unless furnished with satisfactory proof that such applicant is engaged in the business of conducting a pharmacy, drug store, dispensary, apothecary shop or factory for the purpose of manufacturing drugs.

"Provided further, that at any time after the issuance of a permit by the State Board of Pharmacy to such applicant, the Board may revoke, suspend

or cancel the permit when satisfactory proof has been presented to the Board that said permit holder is not conducting a bona fide pharmacy, drug store, dispensary, apothecary shop or prescription laboratory, and any inspector, member, or official of the Board is hereby empowered to take charge of such permit pending final hearing before the Board, as to the revocation of same. The permit provided for herein shall be issued annually by the Board upon receipt of proper application accompanied by a fee of Two ($2.00) Dollars. This permit is to be displayed conspicuously at all times in the pharmacy, drug store, dispensary, apothecary shop or factory to which it is issued.

"All such permits shall expire on May 31st of each year and must be renewed on or before June 1st of each year.

"Every person, firm, joint stock company, partnership, corporation or manufacturer desiring to open a new pharmacy, drug store, dispensary, apothecary shop, or factory shall procure the permit above mentioned before beginning its operation as such, and the same discretionary powers may be used by the Board in passing upon such applications; not more than one (1) store or factory may be operated under one (1) permit.

"In case of a change in personnel of registered pharmacists, the Board shall be notified of such change within ten (10) days; provided the same pharmacist's name shall not appear on more than one (1) permit.

"Provided however, that no provision of this Act shall be construed to apply to any hospital or clinic maintaining or operating a dispensary, apothecary shop or prescription laboratory for the care of its patients

as long as a licensed pharmacist is con-
tinually employed to compound said pre-
scriptions."

"Section 19. A pharmacy, drug
store, dispensary, apothecary shop, or
prescription laboratory, as used in
this Act, is any store or place where
drugs or medicines are sold or furnished
in any manner at retail or for a fee to
the consumer wherein a registered phar-
macist is employed.

"Provided, however, that no pro-
vision of this Act shall be construed
to apply to any hospital or clinic
maintaining or operating a dispensary,
apothecary shop or prescription lab-
oratory for the care of its patients
as long as a licensed pharmacist is
continually employed to compound said
prescriptions."

There is nothing in the Act which exempts
physicians from the provisions of Section 17, which
requires every person who operates a drug store to
secure a permit from the State Board of Pharmacy.
Therefore, it is our opinion that a physician may
not dispense medicaton for which a fee separate
from his professional services is charged without
first obtaining a permit.

Although Section 8 of the Act provides
that "no provision of the Act shall be construed
to restrain a bona fide hospital or clinic from
operating a dispensary or apothecary shop in order
to provide services to its patients," both Sections
17 and 19 provide that a registered pharmacist
must be continually employed to compound the pre-
scriptions.

In view of the foregoing, it is our opin-
ion that the dispensary of a hospital or clinic
must continually employ a pharmacist to compound
the prescriptions and may not furnish medication
to persons other than patients for a separate fee
without obtaining a permit.

Section 21 of the Pharmacy Act, codified
as Article 758a, V.P.C., was not amended by Senate
Bill 268, supra. Article 758a, as amended in 1943,
provides in part:

"Any person not being licensed as a pharmacist who shall compound, mix, blend, dispense, prepare or sell at retail any drugs medicines poisons or pharmaceutical preparations upon a physician's prescription. or otherwise and whoever being the manager or owner of the drug store, pharmacy or factory or other place of business shall manufacture, or permit anyone not licensed as a pharmacist to compound, mix, blend, dispense any drugs, medicines, poisons or pharmaceutical preparations, on physician's prescription, contrary to any of the provisions of this Act, shall be subject to the penalties of this Act."

Obviously Article 4542a, V.C.S., as amended and Article 758a, V.P.C., are now in conflict insofar as they apply to physicians. In Popham v. Patterson, 121 Tex. 615, 51 S.W. 2d 680, 684 (1932), the court said:

"As to the question whether the act of 1931 repeals the act of 1930, we are of the opinion that it does. In this connection it will be noted that the act of 1931 is a later act, and, in so far as prescribing the terms of office is concerned, it absolutely conflicts with the 1930 act. The former act fixes the term of office at four years, while the latter act fixes such term at two years. The act of 1931 does not mention that of 1930 but in so far as the term of office is concerned, the two acts are absolutely antagonistic to each other. It follows that the latter act repeals the former by implication."

Also see Parshall v. State, 62 Tex. Crim. 177, 138 S.W. 759 (1911); Robertson v. State, 70 Tex. Crim. 307, 159 S.W. 713 (1913); Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063 (1929); State v. Southwestern Gas & Electric Company, 145 Tex. 24, 193 S.W. 2d 675 (1946); Att'y Gen. Ops. V-990 (1950) and V-1041 (1950).

Article 4542a, V.C.S., as amended, having been passed subsequent to Article 758a, V.P.C., will control. Therefore, it is our opinion that under the terms of Senate Bill 268, supra, <u>licensed practitioners of medicine, dentistry, or chiropody</u>, are exempt from the provision of Article 758a which states that any person not licensed as a pharmacist who does any of the enumerated acts shall be subject to a penalty.

## SUMMARY

A physician may dispense medication for which a separate fee from his professional services is charged without obtaining a license to practice pharmacy, but he may not do so without obtaining a permit as required by Section 17 of Article 4542a, V.C.S.

The dispensary of a hospital or clinic must continually employ a pharmacist to compound prescriptions and may not furnish medication for a separate fee to persons other than patients without obtaining a permit.

Senate Bill 268, Acts 52nd Leg., R.S. 1951, ch. 469, p. 824, exempts licensed practitioners of medicine, dentistry, or chiropody from the provision of Article 758a, V.P.C., which prescribes a penalty for the dispensing of drugs by persons other than registered pharmacists.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

BA:lg:awo

Yours very truly

PRICE DANIEL
Attorney General

By *Bruce Allen*
Bruce Allen
Assistant